## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

CRAIG PC SALES & SERVICE, LLC,
an Oklahoma domestic limited liability
Company; RAY T. CRAIG, SR., and
RAY T. CRAIG, JR.,

        Plaintiffs,

v.

CDW GOVERNMENT, LLC, an Illinois
limited liability company; and
MICROSOFT CORPORATION a
Washington corporation,

        Defendants.

Case No. CIV–17–3–F

## DECLARATION OF AMBIKA K. DORAN IN SUPPORT OF MICROSOFT
## CORPORATION'S MOTION TO COMPEL

I, Ambika K. Doran, declare:

1.      I am a partner in the law firm Davis Wright Tremaine LLP, counsel of record for Plaintiff Microsoft Corporation in this matter.  I make this declaration from personal knowledge and a review of the files and records in this matter.

2.      Attached as **Exhibit A** is a true and correct copy of Plaintiff Craig PC's Responses and Objections to Microsoft's First Set of Discovery Requests.

3.      Attached as **Exhibit B** is a true and correct copy of Plaintiff Craig Sr.'s Responses and Objections to Microsoft's First Set of Discovery Requests.

4.      Attached as **Exhibit C** is a true and correct copy of Plaintiff Craig Jr.'s Responses and Objections to Microsoft's First Set of Discovery Requests.

5.      Attached as **Exhibit D** is a true and correct copy of the letter Microsoft sent Plaintiffs on March 1, 2019, detailing the deficiencies of Plaintiffs' discovery responses.

6.      Attached as **Exhibit E** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs between March 1, 2019, and July 12, 2019.

7.      Attached as **Exhibit F** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs between March 1, 2019, and July 30, 2019.

8.      Attached as **Exhibit G** is a true and correct copy of Plaintiff Craig PC's Response to Microsoft's Amended Requests for Production of Documents.

9.      Attached as **Exhibit H** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs between August 6, 2019, and August 19, 2019.

10.     Attached as **Exhibit I** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs between August 23, 2019, and September 4, 2019.

11.     Attached as **Exhibit J** is a true and correct copy of a letter Plaintiffs sent Microsoft on September 9, 2019, in response to the outstanding discovery issues.

12.     Attached as **Exhibit K** is a true and correct copy of Craig PC's Supplemental Response to Defendant Microsoft's Interrogatory No. 10, served on September 9, 2019.

13.     Attached as **Exhibit L** is a true and correct copy of a letter Microsoft sent to Plaintiffs September 19, 2019, regarding the outstanding discovery issues.

14.     Attached as **Exhibit M** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs between September 19, 2016, and September 26, 2019.

15.     Attached as **Exhibit N** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs on March 12, 2019.

16.     Attached as **Exhibit O** is a true and correct copy of an email exchange between counsel for Microsoft and counsel for Plaintiffs on March 13, 2019.

17.     During meet and confer discussions, Plaintiffs identified three categories of documents in response to Interrogatories 6-11 and RFPs 17 and 20:

- Craig813-915, which my office has reviewed and which summarizes Craig PC invoices by school district for 2004-2010;

- Craig16567-16607 and Craig 1708-174, which my office has reviewed and which summarizes annual sales by customer (including school districts) for 2006-2009 and 2010-2018, respectively; and

- Craig14704-15078, which my office has reviewed and which summarizes Craig PC invoices by customer for 2007-2010.

18.     In reviewing the documents described in Paragraph 17, Microsoft was unable to identify a single school district that stopped doing business with Craig PC after

February 2014.  Upon receipt of Plaintiffs' supplemental response to Interrogatory 10, identifying 26 school districts, our office again reviewed the documents described in Paragraph 17, and those documents show that 21 of the 26 school districts had stopped doing business with Craig PC before 2014:  Anadarko (2010), Braman (2012), Byars (2011), Cement (2010), Copan (2011), Darlington (2011), Erick (2013), Geary (2012), Hydro-Eakly (2011), Newkirk (2011), Mountain View-Gotebo (2012), Mulhall-Orlando (2010), Peckham (2011), Purcell (2013), Ringwood (2012), Ripley (2013), Robin Hill (2011), Sterling (2013), Thackerville (2010), Timberlake (2011), and Washington (2011). The documents also show that the remaining five continued doing business with Craig PC in 2014 and after.

19.    On August 31, 2018, the Court denied Microsoft's motion to dismiss the tortious interference claims partly based on affidavits from two schools that mentioned statements by Microsoft in 2014 and 2015.  According to the documents described in Paragraph 17, those districts, Hydro-Eakly and Minco, either stopped doing business with Craig PC in 2012 (Hydro-Eakly) or continued to do business with Craig PC in February 2014 and after (Minco).

20.    Below is a chronology detailing Microsoft's meet and confer efforts:

| 21. | March 1, 2019 | Microsoft asks for a meet and confer to address deficiencies in Plaintiffs' responses. | Doran Decl. Ex. D. |
|-----|---------------|------------------------------------------------------------------------------------------|--------------------|
| 22. | March 8, 2019 | Counsel for Microsoft and Plaintiffs meet and confer by phone.  Counsel for Plaintiffs agree to get back to Microsoft on the issues discussed. | |
| 23. | March 12 and 13, 2019 | Plaintiffs make their first document production. | *Id.* Exs. N & O. |

| 24. | April 1, 2019 | Microsoft asks when Plaintiffs will remedy the deficiencies discussed.  Microsoft proposes April 4, 2019, for a follow-up call. | *Id.* Ex. E. |
| 25. | April 9, 2019 | Microsoft suggests April 10, 2019, for a follow-up call. | *Id.* |
| 26. | April 10, 2019 | Counsel for Microsoft and Plaintiffs meet and confer again by phone.  Microsoft agrees to amend some of its RFPs, and Plaintiffs agree to get back to Microsoft on the issues discussed. | |
| 27. | April 18, 2019 | Microsoft amends its RFPs.  Microsoft reiterates its requests that Plaintiffs identify by Bates number the documents Plaintiffs produced as responsive to Microsoft's interrogatories as well as supplement their production to the amended RFPs. | *Id.* |
| 28. | April 23, 2019 | Plaintiffs provide a list of Bates numbers without identifying their responsiveness by interrogatory. | *Id.* |
| 29. | May 21, 2019 | Microsoft asks again that Plaintiffs identify the responsive documents by Bates number by interrogatory and supplement its production to the amended requests. | *Id.* |
| 30. | May 28, 2019 | Plaintiffs identify the responsive Bates numbers by interrogatory. | *Id.* Ex. F. |
| 31. | May 31, 2019 | Craig PC serves objections and responses to the amended RFPs and agrees to produce responsive documents to some of the amended RFPs. | *Id.* Ex. G. |
| 32. | June 28, 2019 | Microsoft follows up on the outstanding discovery issues, and asks Plaintiffs to address the deficiencies in their identification of documents responsive to Interrogatories 6-11. | *Id.* Ex. F. |
| 33. | July 8, 2019 | Counsel for Microsoft and Plaintiffs meet and confer by phone. | *Id.* |
| 34. | July 12, 2019 | Microsoft follows up with Plaintiffs on their position. | *Id.* Ex. E. |
| 35. | July 16, 2019 | Plaintiffs confirm they "will identify the specific school districts that ceased doing business and/or reduced their business after the state charges were filed in 2014." | *Id.* Ex. F. |
| 36. | July 22, 2019 | Microsoft asks again when Plaintiffs will supplement their responses and production. | *Id.* |

| 37. | July 23, 2019 | Plaintiffs promise to "have a response by Monday, August 5." | *Id.* |
| 38. | July 29, 2019 | Microsoft asks for an update. | *Id.* |
| 39. | July 30, 2019 | Plaintiffs promise to supplement by August 6. | *Id.* |
| 40. | August 6, 2019 | Plaintiffs indicate they will not be able to supplement because of "unexpected scheduling issues." | *Id.* Ex. H. |
| 41. | August 13, 2019 | Microsoft follows up. | *Id.* |
| 42. | August 15, 2019 | Plaintiffs indicate that they are meeting with counsel the next day to finalize responses and production. | *Id.* |
| 43. | August 19, 2019 | Microsoft again follows up. | *Id.* |
| 44. | August 23, 2019 | Plaintiffs indicate they have been delayed from further scheduling difficulties.  Plaintiffs promise to have "supplemental responses and document production by next Friday." | *Id.* Ex. I. |
| 45. | September 4, 2019 | Microsoft again follows up. | *Id.* |
| 46. | September 9, 2019 | Plaintiffs provide supplemental responses and production. | *Id.* Exs. J & K. |
| 47. | September 19, 2019 | Microsoft explains why the supplemental information remains deficient. | *Id.* Ex. L. |
| 48. | September 26, 2019 | Plaintiffs indicate that they "do not believe that any further supplementation is required or necessary." | *Id.* Ex. M. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of October, 2019, at Mercer Island, Washington.

　　　　　　　　 /s *Ambika K. Doran*　　　　　　　
　　　　　　　　Ambika K. Doran

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Bret Burns
**Burns Law Office**
519 W. Chickasha Avenue
Chickasha, OK 73018

Ronald T. Shinn, Jr.
**McAfee & Taft**
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Geoffrey A. Tabor
**Ward & Glass, LLP**
1601 N.W. 36th Avenue, Suite 100
Norman, OK 73072

William S. Leach
**McAfee & Taft**
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74102

*s/ Ambika K. Doran*
Ambika K. Doran

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**CRAIG PC SALES & SERVICE, LLC,**
**an Oklahoma domestic limited liability**
**Company; RAY T. CRAIG, SR., and**
**RAY T. CRAIG, II,**

       **Plaintiffs,**

v.

       **Case No. CIV-17-3-F**

**1. CDW GOVERNMENT, LLC, an**
**Illinois limited liability company;**

**2. MICROSOFT CORPORATION,**

       **Defendants.**

### PLAINTIFF CRAIG PC'S RESPONSES AND OBJECTIONS TO
### MICROSOFT'S FIRST SET OF DISCOVERY REQUESTS

**COMES NOW** Plaintiff Craig PC and submits the following Responses and

Objections to Defendant Microsoft Corporation's First Set of Discovery Requests.

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons with knowledge relating

to the allegations in the FAC, and for each person, describe with specificity the knowledge

he, she, or it possesses.

**ANSWER:** Plaintiff identifies the following persons with knowledge relating to

the allegations in the FAC and the knowledge that each person possesses:

1.     Ray T. Craig, II. Mr. Craig, II has knowledge about the claims and damages
       for Craig PC and his claims and damages.

1

2.      Ray T. Craig, Sr. Mr. Craig has knowledge about the claims and damages for Craig PC and his claims and damages.

3.      Amy Craig. Mrs. Craig (spouse of Craig, II) is an employee of Craig PC. She has knowledge of her conversations with CDW-G employees, knowledge of hardware and software purchases made by Craig PC, knowledge of general business of Craig PC, and other knowledge related to claims and damages.

4.      Aaron Craddock. Mr. Craddock is an employee of Craig PC. Mr. Craddock testified in the grand jury proceedings and was interviewed by the FBI.

5.      Chyanne Rooney. Mrs. Rooney is a former employee of Craig PC. She testified in the grand jury proceedings and was interviewed by the FBI.

6.      Jay Jerdee. Mr. Jerdee is an employee of Craig PC. He has knowledge of Craig PC's business and operations.

7.      Scott Forbes. Mr. Forbes conducted witness interviews as an investigator for Craig PC, Craig, Sr., Craig, II, and Jay Jerdee.

8.      Tom Diamond. Tom Diamond is the former Technology Director for Hinton Public Schools. Mr. Diamond was interviewed by Scott Forbes and the FBI.

9.      Jamie Mitchell. Former Superintendent of Cyril Public Schools. Mr. Mitchell was interviewed by Scott Forbes and the FBI.

10.      Dr. Kenny Beams. Superintendent of Ripley School District. Dr. Beams was interviewed by the FBI and he has signed an Affidavit on behalf of Plaintiffs in this litigation.

11.      Bill Derryberry. Former Superintendent of Hydro-Eakley School District. Mr. Derryberry has signed an Affidavit on behalf of Plaintiffs in this litigation.

12.      Dale Bledsoe. Former Superintendent of Cement Public Schools. Mr. Bledsoe has signed an Affidavit on behalf of Plaintiffs in this litigation.

13.      A.J. Brewer. Former Superintendent of Washington School District. Mr. Brewer has signed an Affidavit on behalf of Plaintiffs in this litigation.

14.      Karen Mason. Former Principal in Mountain View/Gotebo School District. Mrs. Mason has signed an Affidavit on behalf of Plaintiffs in this litigation.

15. Mark Boles. Former Tech Director at Verden Public Schools. Mr. Boles has knowledge about his interactions with Microsoft and the FBI and business dealings with Plaintiffs.

16. Tom Cantrell. Former Superintendent of Anadarko Public Schools. Has knowledge about business with Plaintiffs and investigation into Plaintiffs.

17. Dee Griggs. Former Tech Director at Boone-Apache Public Schools. Mrs. Griggs had recorded conversations with Microsoft technical support employees who told her that it was appropriate to install volume licenses on naked machines without any underlying OEM software.

18. Bryan Raymer. Mr. Raymer was the owner of Help My Schools. Mr. Raymer was deposed in the civil forfeiture action.

19. Mark Morris. Owner of Morris Motor Sports. Mr. Morris has knowledge about interference by Microsoft in Craig PC's business.

20. Tyler Hardy. Former employee of CDW-G. Mr. Hardy was deposed in the civil forfeiture action.

21. Deborah Decker. Former FBI agent. Mrs. Decker was deposed in the civil forfeiture action.

22. Randy Bradley. Microsoft investigator. Mr. Bradley was deposed in the civil forfeiture action.

23. Thomas Montgomery. Microsoft investigator. Mr. Montgomery was deposed in the civil forfeiture action.

24. Jeffrey Goodman. Former employee of Industry Systems. Mr. Goodman was deposed in the civil forfeiture action.

25. James Coker. Former employee of Industry Systems. Mr. Coker was deposed in the civil forfeiture action.

Plaintiffs also direct Defendant Microsoft Corporation to the numerous FBI 302 interviews that were conducted, the preliminary hearing transcript, and the witness lists

filed in the underlying litigation for names of other individuals who may have some knowledge of the allegations in the First Amended Complaint.

**INTERROGATORY NO. 2:** Identify each person (excluding attorneys) that provided any information to answer these Interrogatories or respond to these Requests for Production, and for each person, describe what information they provided.

**ANSWER:** Plaintiff Craig PC Sales & Service, LLC states as follows:

1. Plaintiff Ray Craig, Sr. Provided information about ownership of Craig PC.

2. Plaintiff Ray Craig, II. Provided information about ownership of Craig PC, employees who are involved with Microsoft products, and general information about claims in the case.

3. Amy Craig. Identified documents responsive to requests for production.

**INTERROGATORY NO. 3:** Identify each person or entity who has or had an ownership interest in Craig PC from its formation to the present, and for each person state the ownership interest by percentage.

**ANSWER:** Craig PC has not been able to locate documents that reflect the change in ownership of Craig PC. Based on the recollection of Craig PC's owners, Craig PC states that at Craig PC's inception in approximately 1991 or 1992, Ray Craig, Sr. and Ray Craig, II each held a 50% interest in Craig PC. Between approximately 2002 to 2005, Ray Craig, Sr. decided to take a less active role in the business, and Ray Craig, II acquired a 95% interest in Craig PC, leaving Ray Craig, Sr. with only 5% of Craig PC. In or around

4

December 2015, Ray Craig, II acquired Ray Craig, Sr.'s remaining 5% interest in Craig PC, making Ray Craig, II the sole owner of Craig PC.

**INTERROGATORY NO. 4:** Identify each person or entity who has or had an ownership interest in Craig PC Sales & Service, Inc. from its formation to its dissolution, and for each person state the ownership interest by percentage.

**ANSWER:** See Plaintiff Craig PC's Answer to Interrogatory No. 3.

**INTERROGATORY NO. 5:** Identify all past and present employees of Craig PC or Craig PC Sales & Service, Inc. who acquired, copied, loaded, installed, or activated Microsoft software on your behalf, including name, last known address, dates of employment, status of employment, and if applicable, reason for termination.

**ANSWER:** Objection, this request is overbroad and not calculated to lead to the discovery of admissible evidence because the request has no temporal limitation. Without waiving any objection, from January 2007 to December 2015, Craig PC identifies the following individuals: Aaron Craddock, Christopher Black, Charles Short, Christopher Baric, Jared Jantz, Joe Smirl, Michael Rayburn, Robert Cowan, Thomas Shook, and Tommy McIntoch.

**INTERROGATORY NO. 6:** Identify each and every "valid business relationship and expectancy" you had with "private clients" as alleged in Paragraph 151 of the FAC.

5

**ANSWER**: Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Microsoft to its business records. The specific business records will be identified upon production of documents following the entry of an appropriate protective order.

**INTERROGATORY NO. 7:** Of the "private clients" identified in your answer to Interrogatory No. 6, identify each person or entity you transacted business with after February 25, 2014.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Microsoft to its business records. The specific business records will be identified upon production of documents following the entry of an appropriate protective order.

**INTERROGATORY NO 8:** Of the "private clients" identified in your answer to Interrogatory No. 7, describe the date the relationship started, any contracts you had, and the date and amount of all purchases from each "relationship or expectancy."

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Microsoft to its business records. The specific business records will be identified upon production of documents following the entry of an appropriate protective order.

**INTERROGATORY NO. 9:** Identify each and every "valid business relationship and expectancy" you had with "school districts" as alleged in Paragraph 151 of the FAC.

6

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Microsoft to its business records. The specific business records will be identified upon production of documents following the entry of an appropriate protective order.

**INTERROGATORY NO. 10:** Of the "school districts" identified in your answer to Interrogatory No. 9, identify each school district you transacted business with after February 25, 2014.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Microsoft to its business records. The specific business records will be identified upon production of documents following the entry of an appropriate protective order.

**INTERROGATORY NO. 11:** Of the "school districts" identified in your answer to the preceding interrogatory, describe the date the relationship started, any contracts you had, and the date and amount of all purchases from each "relationship or expectancy,"

**ANSWER**: Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs Microsoft to its business records. The specific business records will be identified upon production of documents following the entry of an appropriate protective order.

**INTERROGATORY NO. 12:** Identify each and every false statement you claim was made by Microsoft, or any representative thereof, including the speaker, each

7

person who was present for the statement, the date, the time, and the place, as alleged in Paragraph 153 of the FAC.

**ANSWER:** Objection. This Interrogatory is unduly burdensome because it requires Plaintiff to scour thousands of pages to find every example of Microsoft making the same false statements repeatedly. Subject to and without waiving this objection, Plaintiff states as follows:

The overarching false statement that Microsoft made is that Craig PC intentionally and knowingly pirated Microsoft software and/or violated Microsoft's licensing agreement by (1) using the Washington Public School product key on multiple computers, (2) using volume licenses on "naked" computers without an OEM license, (3) tampering with COAs, (4) engaging in hard disk loading, (5) using third-party software to generate fake Microsoft product keys, and (6) installing "cloned" images on multiple computers. There are many examples of these statements in the record. Some examples are as follows:

Microsoft personnel told Deborah Decker that Craig PC sold computers that didn't have an original operating system on them, and that this violated Microsoft's copyright. March 6, 2014 Deposition of Deborah Decker, page 31.

Microsoft personnel (Randy Bradley) told Deborah Decker that Craig PC violated Microsoft's copyright by using the Microsoft Windows product key from Washington Public Schools on multiple different school districts and private clients. March 6, 2014 Deposition of Deborah Decker, pages 23-24.

8

Microsoft personnel told Deborah Decker that James Goodman and Jeff Coker said Craig PC engaged in hard disk loading as a form of piracy. Deborah Decker's Affidavit of Probable Cause and March 6, 2014 Deposition of Deborah Decker, page 113.

Microsoft personnel told Deborah Decker that COAs had been removed with solvent. March 6, 2014 Deposition of Deborah Decker, pages 165-167.

Deborah Decker's Affidavit of Probable Cause contains other examples of false statements she received from Microsoft. As Decker testified in her deposition, she relied on Microsoft because she did not have any independent knowledge about Microsoft's license or copyright. March 6, 2014 Deposition of Deborah Decker, page 12. Decker identifies that she was working with Miles Hawkes, Tom Montgomery, Randy Bradley, and Sue Ventura. March 6, 2014 Deposition of Deborah Decker, pages 12-13.


**INTERROGATORY NO. 13:** Identify each and every action by Microsoft (including actor, date, time, and place of the event) you claim "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II," as alleged in your Fourth and Fifth Causes of Action in the FAC.

**ANSWER:** Agent Deborah Decker testified in the preliminary hearing in the State Case as follows: "We were contacted by Microsoft which had received some complaints about their software being pirated and they had began their own investigation." Preliminary Hearing dated September 17, 2015, page 39. Microsoft's own records demonstrate the specific details of who made the complaint, when the complaint was made, and how the complaint was made.

9

**INTERROGATORY NO. 14:**   Describe with specificity the United States Attorney's Office for the Western District of Oklahoma's decision to decline to bring criminal charges against you.

**ANSWER:**   Plaintiff Craig PC cannot speak for the United States Attorney's Office for the Western District of Oklahoma. Plaintiff Craig PC believes that the USAO declined to bring criminal charges against it because Craig PC and its members, agents, and employees were innocent.

**INTERROGATORY NO. 15:**   Describe with specificity any information provided or representations made by you, or anyone on your behalf, that led to the civil settlement in the Federal Case.

**ANSWER:**   Objection. This Interrogatory requires the disclosure of information protected by the attorney-client and/or work-product privileges to the extent it requests the disclosure of information conveyed by Plaintiff Craig PC Sales & Service, LLC to its counsel. Plaintiff also objects because the Interrogatory is vague and confusing in that Plaintiff does not understand what specific information Defendant Microsoft Corporation is requesting.

**INTERROGATORY NO. 16:**   Identify each and every "material false representation[]" you claim was made by Microsoft and specify the actor, date, time, and place of the event, as alleged in Paragraph 137 of the FAC.

**ANSWER:**   See Plaintiff's Answer to Interrogatory No. 12.

10

**INTERROGATORY NO. 17:** Identify "the false testimony provided by Defendant Microsoft's employees" (including actor, date, time, and place of the event) that caused the finding of probable cause by the District Court of Grady County, as alleged in Paragraph 95 of the FAC.

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 12.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications referenced, referred to, consulted, or relied upon in answering the above interrogatories.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:** Produce documents sufficient to show the ownership interest of any person in Craig PC Sales & Service, Inc. from its formation to its dissolution.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:** Produce documents and communications relating to the dissolution of Craig PC Sales & Service, Inc.

**RESPONSE:** None currently located.

**REQUEST FOR PRODUCTION NO. 4:** Produce documents and communications relating to the formation of Craig PC.

**RESPONSE:** None currently located.

**REQUEST FOR PRODUCTION NO. 5:** Produce documents and communications sufficient to show the ownership interest of any person in Craig PC since its formation to the present.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:** Produce any handbooks, manuals, guidelines, instructions, checklists, or other documents in effect at Craig PC or Craig PC Sales & Service, Inc. from January 1, 2006 to the present that contain or reflect any discussion of, or any employment policies and practices related to, your acquisition, copying, installation, activation, advertising, marketing, or selling of Microsoft software.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:** Produce documents sufficient to show all licenses for Microsoft software you purchased from January 1, 2006 to November 5, 2014.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:** Produce for physical inspection any media (or files) you created or possessed from January 1, 2006 to November 5, 2014 for purposes of copying, installing, or activating Microsoft Software.

**RESPONSE:** These physical media are available at the law offices of Ward & Glass, LLP.

**REQUEST FOR PRODUCTION NO. 9:** Produce any list of Microsoft product activation keys you compiled, created, or possessed from January 1, 2006 to November 5, 2014 for purposes of activating Microsoft software.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents you provided to any expert witness you expect to call to testify in this case.

**RESPONSE:** Plaintiff has not retained such an expert at this time.

**REQUEST FOR PRODUCTION NO. 11:** Produce all communications with any expert witness you expect to call to testify in this case that identify the assumptions that you provided to the expert witness and that the expert witness relied on in forming his or her opinions.

**RESPONSE:** Plaintiff has not retained such an expert at this time.

13

**REQUEST FOR PRODUCTION NO. 12:**     Produce   all   documents   and communications referred to, reviewed, or relied upon in preparing the FAC.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 13:** Produce any written or recorded statements by witnesses or other persons relating to any allegation or claim in the FAC, including any drafts of such statements.

**RESPONSE:** Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of any written or recorded statements by witnesses or other persons relating to any allegation or claim in the First Amended Complaint. See Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 14:**     Produce   all   documents   and communications relating to any investigation by federal authorities into the Federal Case, including all statements you provided to the Federal Government or federal employees.

**RESPONSE:** Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff

14

cannot respond to this request in a meaningful fashion. Subject to and without waiving this objection, Plaintiff states that he provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents and communications relating to any investigation by state authorities into the State Case, including all statements you provided to the State of Oklahoma or state employees.

**RESPONSE:**    Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff cannot respond to this request in a meaningful fashion. This is relevant because the State obtained all of those documents as well. Subject to and without waiving this objection, Plaintiff states that it provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports. Plaintiff did not give a statement to any state authority.

**REQUEST FOR PRODUCTION NO. 16:**    Produce all documents and communications relating to any investigation by Microsoft into your business.

**RESPONSE:**    Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 17:**     Produce    all    documents    and communications relating to your allegation that you had a "valid business relationship and expectancy" with "private clients" as alleged in Paragraph 151 of the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 18:**     Produce    all    documents    and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153 of the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

16

**REQUEST FOR PRODUCTION NO. 19:**     Produce   all   documents   and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference with any "private clients," as alleged in Paragraph 155 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 20:**     Produce   all   documents   and communications relating to your allegation that you had a "valid business relationship and expectancy" with "school districts" as alleged in Paragraph 151 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

17

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "school districts," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference "with any "school districts," as alleged in Paragraph 155 of the FAC.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents and communications relating to any action by Microsoft (including actor, date, time, and place of the event) that constitutes actionable interference as you allege in your Sixth Cause of Action in the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This

18

Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 24:**    Produce    all    documents    and communications relating to the termination of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts or "private clients" that existed as of February 25, 2014, and which forms the basis of your Sixth Cause of Action in the FAC.

**RESPONSE:**        Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 25:**        Produce documents showing any log, recording, or other record of calls you had with customers relating to your advertising, marketing, selling, administering, conducting, or provision of Microsoft software from January 1, 2006 to the present.

19

**RESPONSE:**     Objection. This Request is overly broad on its face because it requires the production of every single customer contact Plaintiff has had since January 1, 2006. This Request is also unduly burdensome. Plaintiff Craig PC is a small, family-owned business that does not have the capacity to search for every single "log, recording, or other record of calls" had with every customer relating to advertising, marketing, selling, administering, conducting, or provision of Microsoft Software for a period of 13 years.

**REQUEST FOR PRODUCTION NO. 26:** Produce all of your income statements, statement of financial position, balance sheets, profit-loss statements, cash flow statements, financial reports, financial audits, or investor reports from January 1, 2006 to the present.

**RESPONSE:** See Craig P.C.'s Sales & Se. Inc-LLC's Profit and Loss Statements at Craig 1-22. These documents will be produced subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 27:** Produce all of your federal and state tax returns (including amended versions) from January 1, 2006 to the present.

**RESPONSE:**     Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:** Produce all of Craig PC Sales & Service, Inc.'s income statements, statement of financial position, balance sheets, profit-loss statements, cash flow statements, financial reports, financial audits, or investor reports from January 1, 2006 to its dissolution.

**RESPONSE:** See Response to Request for Production No. 26.

**REQUEST FOR PRODUCTION NO. 29:** Produce all of Craig PC Sales & Service, Inc.'s federal and state tax returns (including amended versions) from January 1, 2006 to the present.

**RESPONSE:** See Response to Request for Production No. 27.

**REQUEST FOR PRODUCTION NO. 30:**     Produce all documents used, relied upon, consulted, or that support or disprove any category of damages you seek in this case, including any computation of damages in your initial disclosures (or any supplemental or revised initial disclosures).

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 31:**     Produce   all   documents   and communications relating to any false statement by Microsoft that "Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015," as alleged in Paragraph 153 of the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the

21

attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 32:**  Produce  all  documents  and communications relating to any actions or communications by Microsoft that "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II" (as alleged in Paragraphs 133 and 142 of the FAC).

**RESPONSE:**  Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**  Produce  all  documents  and communications relating to any "material false representations" made by Microsoft (as alleged in Paragraph 137 of the FAC) that Plaintiffs rely upon.

**RESPONSE:**  Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 34:**  Produce the letter referenced in Paragraph 6 of the Craig II Declaration.

**RESPONSE:** Plaintiff Craig, II visually inspected the letter but does not believe that he has a copy of the letter.

**REQUEST FOR PRODUCTION NO. 35:**      Produce all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018, that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC.

**RESPONSE:**      Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges as Peter Scimeca is identified in Section A of Plaintiffs' Initial Disclosures. This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 36:**      Produce      all      documents communications with Kevin Sims that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC, including without limitation communications relating to the Sims Declaration (including any drafts of that declaration).

**RESPONSE:**      Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Sims Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 37:**      Produce  all  documents  and communications with Todd Bunch that relate to this Litigation, the Federal Case, the State

Case or any of your claims or allegations in the FAC, including without limitation communications relating to the Bunch Declaration (including any drafts of that declaration).

**RESPONSE:** Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Bunch Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 38:** Produce all communications with anyone (besides those communications protected by the attorney-client privilege) relating to any plea by anyone in the State Case.

**RESPONSE:** Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, Plaintiff has not located any such documents at this time.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents and communications relating to the civil settlement in the Federal Case.

**RESPONSE:** Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

24

**REQUEST FOR PRODUCTION NO. 40:**    Produce    all    documents    and

communications referenced in Section B of your Initial Disclosures, dated November 29,

2018.

      **RESPONSE:**    Responsive documents will be produced.

Dated this 12th day of February, 2019.

                  **WARD & GLASS, LLP**

                  Stanley M. Ward, OBA #9351
                  Woodrow K. Glass, OBA #15690
                  Barrett T. Bowers, OBA #30493
                  Jonathan M. Irwin, OBA#32636
                  1601 36th Ave., Suite 100
                  Norman, OK  73072
                  (405) 360-9700 Telephone
                  (405) 360-7902 Fax
                  barrett@wardglasslaw.com

                  and

                  Bret Burns
                  Burns Law Office
                  519 W Chickasha Ave.
                  Chickasha, OK 73018
                  **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF MAILING

This is to certify that on this 12th day of February, 2019, a true and correct copy of the foregoing instrument was mailed via USPS, postage pre-paid, to the following counsel of record:

Ronald T. Shinn, Jr.
McAfee & Taft
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Email: ron.shinn@mcafeetaft.com

-and-

William S. Leach
McAfee & Taft
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74103
Email: bill.leach@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT
CDW GOVERNMENT, LLC**

Robert D. Nelson, OBA# 6610
Lindsay N. Kistler, OBA# 32814
100 North Broadway
Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
lkistler@hallestill.com

-and-

Bonnie E. MacNaughton, WSB# 36110,
Ambika K. Doran, WSB# 38237, &
James H. Wendell, WSB# 46489
Respectfully admitted Pro Hac Vice
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: bonniemacnaughton@dwt.com
ambikadoran@dwt.com
jamiewendell@dwt.com
**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

Barrett T. Bowers

## VERIFICATION

STATE OF OKLAHOMA      )
                       ) ss.
COUNTY OF CLEVELAND    )


I, Ray Craig, II, a member of Craig PC Sales & Services, LLC, being of lawful age and first duly sworn, state:  That I am the Plaintiff in the above-referenced matter, that I have read and reviewed the answers to discovery and that to the best of my knowledge and belief, they are true and correct.

Ray Craig II
For Craig PC Sales & Services, LLC


Subscribed and sworn to before me this ___11th___ day of February, 2019.

Notary Public

My Commission Expires: 8/5/2020
My Commission Number: 08008034

(SEAL)



**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CRAIG PC SALES & SERVICE, LLC,
an Oklahoma domestic limited liability
Company; RAY T. CRAIG, SR., and
RAY T. CRAIG, II,

       Plaintiffs,

v.

       Case No. CIV–17–3–F

1.   CDW GOVERNMENT, LLC, an
Illinois limited liability company;

2.   MICROSOFT CORPORATION,

       Defendants.

## PLAINTIFF CRAIG, SR.'S RESPONSES AND OBJECTIONS TO DEFENDANT MICROSOFT'S FIRST SET OF DISCOVERY REQUESTS

**COMES NOW** Plaintiff Ray T. Craig, Sr., and submits the following Responses

and Objections to Defendant Microsoft's First Set of Discovery Requests.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify all persons with knowledge relating to

the allegations in the FAC, and for each person, describe with specificity the knowledge

he, she, or it possesses.

**ANSWER:** See Plaintiff Craig PC's Answer to Interrogatory No. 1.

**INTERROGATORY NO. 2:**      Identify each and every "valid business relationship and expectancy" you (not Craig PC Sales & Service, LLC) had with "private clients" as alleged in Paragraph 151 of the FAC.

**ANSWER:** Craig, Sr. had a valid business relationship and expectancy with the same private clients as Craig PC. Craig, Sr.'s relationships with the customers was instrumental in obtaining business for Craig PC. Furthermore, Craig, Sr. had a valid business relationship and expectancy with Craig PC itself.

**INTERROGATORY NO. 3:**      Of the "private clients" identified in your answer to Interrogatory No. 2, identify each person or entity you transacted business with after February 25, 2014.

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 7.

**INTERROGATORY NO. 4:** Of the "private clients" identified in your answer to Interrogatory No. 3, describe the date the relationship started, any contracts you had, and the date and amount of all purchases from each "relationship or expectancy."

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 8.

**INTERROGATORY NO. 5:**      Identify each and every "valid business relationship and expectancy" you (not Craig PC Sales & Service, LLC) had with "school districts" as alleged in Paragraph 151 of the FAC.

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 9.

**INTERROGATORY NO. 6:**     Of the "school districts" identified in your answer to Interrogatory No. 5, identify each school district you transacted business with after February 25, 2014.

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 10.

**INTERROGATORY NO. 7:**     Of the "school districts" identified in your answer to Interrogatory No. 6, describe the date the relationship started, any contracts you had, and the date and amount of all purchases from each "relationship or expectancy."

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 11.

**INTERROGATORY NO. 8:**     Identify all "economic and non–economic damages" you (not Craig PC Sales & Service, LLC) suffered as alleged in Paragraph 155 of the FAC.

**ANSWER:** Plaintiff will allow the jury to determine the amount of his damages at the time of trial.

**INTERROGATORY NO. 9:** Describe with specificity any promises or representations as to Craig II made by you, or anyone acting on your behalf, that relate to the dismissal of the criminal charges in the State case.

**ANSWER:** Craig Sr. negotiated a misdemeanor plea deal in the State case based on Craig PC's employees' "piggybacking" software, using a software activation code from

Washington Public Schools. As a part of this plea deal Craig Sr. obtained the agreement of the state prosecutors that all charges against Craig Jr. and Jay Jerdee would be dropped. CDWG explicitly told Plaintiff Craig PC that "piggybacking" was permissible.

**INTERROGATORY NO. 10:** Describe with specificity your knowledge about any promises or representations made by Craig II, or anyone acting on his behalf, that relate to the dismissal of the criminal charges in the State case.

**ANSWER:** Craig Sr. knows of no promises or representations by Craig II, or anyone acting on his behalf, that relate to the dismissal of the criminal charges in the State case.

**INTERROGATORY NO. 11:** Describe with specificity the United States Attorney's Office for the Western District of Oklahoma's decision to decline to bring criminal charges against you.

**ANSWER:** Plaintiff Craig, Sr. cannot speak for the United States Attorney's Office for the Western District of Oklahoma. Plaintiff Craig, Sr. believes that the USAO declined to bring criminal charges against him because Craig, Sr. was innocent.

**INTERROGATORY NO. 12:** Describe with specificity any information provided or representations made by you, or anyone on your behalf, that led to the civil settlement in the Federal Case.

4

**ANSWER:** Objection. This Interrogatory requires the disclosure of information protected by the attorney-client and/or work-product privileges to the extent it requests the disclosure of information conveyed by Plaintiff Craig, Sr. to his counsel. Plaintiff also objects because the Interrogatory is vague and confusing in that Plaintiff does not understand what specific information Defendant Microsoft Corporation is requesting. Subject to and without waiving those objections, see the Settlement Agreement itself.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications referenced, referred to, consulted or relied upon in answering the above interrogatories.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents you provided to any expert witness you expect to call to testify in this case.

**RESPONSE:** Plaintiff has not retained such an expert at this time.

**REQUEST FOR PRODUCTION NO. 3:** Produce all communications with any expert witness you expect to call to testify in this case that identify the assumptions that you provided to the expert witness and that the expert witness relied on in forming his or her opinions.

**RESPONSE:** Plaintiff has not retained such an expert at this time.

**REQUEST FOR PRODUCTION NO. 4:**     Produce   all   documents   and communications referred to, reviewed, or relied upon in preparing the FAC.

**RESPONSE:**     Responsive documents will be produced.


**REQUEST FOR PRODUCTION NO. 5:**     Produce any written or recorded statements by witnesses or other persons relating to any allegation or claim in the FAC, including any drafts of such statements.

**RESPONSE:**     Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of any written or recorded statements by witnesses or other persons relating to any allegation or claim in the First Amended Complaint. See Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, responsive documents will be produced.


**REQUEST FOR PRODUCTION NO. 6:**     Produce   all   documents   and communications relating to any investigation by federal authorities into the Federal Case, including all statements you provided to the Federal Government or federal employees.

**RESPONSE:** Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff

6

cannot respond to this request in a meaningful fashion. Subject to and without waiving this objection, Plaintiff states that he provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports.

**REQUEST FOR PRODUCTION NO. 7:**     Produce     all     documents     and communications relating to any investigation by state authorities into the State Case, including all statements you provided to the State of Oklahoma or state employees.

**RESPONSE:**     Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff cannot respond to this request in a meaningful fashion. This is relevant because the State obtained all of those documents as well. Subject to and without waiving this objection, Plaintiff states that he provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports. Plaintiff did not give a statement to any state authority.

**REQUEST FOR PRODUCTION NO. 8:**     Produce     all     documents     and communications relating to any investigation by Microsoft into your business.

**RESPONSE:**     Responsive documents will be produced.

7

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents and communications relating to your allegation that you had a "valid business relationship and expectancy" with "private clients" as alleged in Paragraph 151 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

8

**REQUEST FOR PRODUCTION NO. 11:**   Produce   all   documents   and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference with any "private clients," as alleged in Paragraph 155 of the FAC.

**RESPONSE:**   Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 12:**   Produce   all   documents   and communications relating to your allegation that you had a "valid business relationship and expectancy" with "school districts" as alleged in Paragraph 151 of the FAC.

**RESPONSE:**   Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

9

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "school districts," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference with any "school districts," as alleged in Paragraph 155 of the FAC.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents and communications relating to any action by Microsoft (including actor, date, time, and place of the event) that constitutes interference as you allege in your Sixth Cause of Action in the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This

Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 16:**   Produce    all    documents    and communications relating to the termination of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts or "private clients" that existed as of February 25, 2014, and which forms the basis of your Sixth Cause of Action in the FAC.

**RESPONSE:**       Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 17:**     Produce documents showing any log, recording, or other record of calls you had with customers relating to your advertising, marketing, selling, administering, conducting, or provision of Microsoft software from January 1, 2006 to the present.

11

**RESPONSE:**        Objection. This Request is overly broad on its face because it requires the production of every single customer contact Plaintiff has had since January 1, 2006. This Request is also unduly burdensome. Plaintiff Craig PC is a small, family-owned business that does not have the capacity to search for every single "log, recording, or other record of calls" had with every customer relating to advertising, marketing, selling, administering, conducting, or provision of Microsoft Software for a period of 13 years.

**REQUEST FOR PRODUCTION NO. 18:**        Produce all of your federal and state tax returns (including amended versions) from January 1, 2006 to the present.

**RESPONSE:**        Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 19:**        Produce all documents used, relied upon, consulted, or that support or disprove any category of damages you seek in this case, including any computation of damages in your initial disclosures (or any supplemental or revised initial disclosures).

**RESPONSE:**        Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

12

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents and communications relating to any false statement by Microsoft that "Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents and communications relating to any actions or communications by Microsoft that "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II" (as alleged in Paragraphs 133 and 142 of the FAC).

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents and communications relating to any "material false representations" made by Microsoft (as alleged in Paragraph 137 of the FAC) that Plaintiffs rely upon.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the

13

attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.


**REQUEST FOR PRODUCTION NO. 23:**     Produce all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018 that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC.

**RESPONSE:**     Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges as Peter Scimeca is identified in Section A of Plaintiffs' Initial Disclosures. This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.


**REQUEST FOR PRODUCTION NO. 24:**     Produce   all   documents   and communications with Kevin Sims that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC, including without limitation communications relating to the Sims Declaration (including any drafts of that declaration).

**RESPONSE:**     Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Simms Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

14

cannot respond to this request in a meaningful fashion. Subject to and without waiving this objection, Plaintiff states that he provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents and communications relating to any investigation by state authorities into the State Case, including all statements you provided to the State of Oklahoma or state employees.

**RESPONSE:**        Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff cannot respond to this request in a meaningful fashion. This is relevant because the State obtained all of those documents as well. Subject to and without waiving this objection, Plaintiff states that it provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports. Plaintiff did not give a statement to any state authority.

**REQUEST FOR PRODUCTION NO. 16:**        Produce all documents and communications relating to any investigation by Microsoft into your business.

**RESPONSE:**        Responsive documents will be produced.

15

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents and communications relating to your allegation that you had a "valid business relationship and expectancy" with "private clients" as alleged in Paragraph 151 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

16

**REQUEST FOR PRODUCTION NO. 19:**     Produce   all   documents   and
communications relating to your allegation that you "suffered economic and noneconomic
damages" as a result of Microsoft's intentional interference with any "private clients," as
alleged in Paragraph 155 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an
omnibus term with respect to a general category or group of documents. This Request also
plainly seeks documentation and communications that are protected by the attorney-client
and/or work-product privileges. Subject to and without waiving this objection, responsive
documentation will be produced.

**REQUEST FOR PRODUCTION NO. 20:**     Produce   all   documents   and
communications relating to your allegation that you had a "valid business relationship and
expectancy" with "school districts" as alleged in Paragraph 151 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an
omnibus term with respect to a general category or group of documents. This Request could
potentially encompass any number of documents or communications, including every
invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request
based on its current breadth. Subject to and without waiving this objection, Plaintiff will
produce sales detail sheets that demonstrate how much revenue was earned from each
customer from 2004-2017.

17

**REQUEST FOR PRODUCTION NO. 21:**     Produce   all   documents   and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "school districts," as alleged in Paragraph 153 of the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 22:**     Produce   all   documents   and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference "with any "school districts," as alleged in Paragraph 155 of the FAC.

**RESPONSE:**     Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:**     Produce   all   documents   and communications relating to any action by Microsoft (including actor, date, time, and place of the event) that constitutes actionable interference as you allege in your Sixth Cause of Action in the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This

Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 24:**     Produce   all   documents   and communications relating to the termination of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts or "private clients" that existed as of February 25, 2014, and which forms the basis of your Sixth Cause of Action in the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 25:**     Produce documents showing any log, recording, or other record of calls you had with customers relating to your advertising, marketing, selling, administering, conducting, or provision of Microsoft software from January 1, 2006 to the present.

19

**RESPONSE:** Objection. This Request is overly broad on its face because it requires the production of every single customer contact Plaintiff has had since January 1, 2006. This Request is also unduly burdensome. Plaintiff Craig PC is a small, family-owned business that does not have the capacity to search for every single "log, recording, or other record of calls" had with every customer relating to advertising, marketing, selling, administering, conducting, or provision of Microsoft Software for a period of 13 years.

**REQUEST FOR PRODUCTION NO. 26:** Produce all of your income statements, statement of financial position, balance sheets, profit-loss statements, cash flow statements, financial reports, financial audits, or investor reports from January 1, 2006 to the present.

**RESPONSE:** See Craig P.C.'s Sales & Se. Inc-LLC's Profit and Loss Statements at Craig 1-22. These documents will be produced subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 27:** Produce all of your federal and state tax returns (including amended versions) from January 1, 2006 to the present.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:** Produce all of Craig PC Sales & Service, Inc.'s income statements, statement of financial position, balance sheets, profit-loss statements, cash flow statements, financial reports, financial audits, or investor reports from January 1, 2006 to its dissolution.

**RESPONSE:** See Response to Request for Production No. 26.

20

**REQUEST FOR PRODUCTION NO. 29**: Produce all of Craig PC Sales & Service, Inc.'s federal and state tax returns (including amended versions) from January 1, 2006 to the present.

**RESPONSE:** See Response to Request for Production No. 27.

**REQUEST FOR PRODUCTION NO. 30:**    Produce all documents used, relied upon, consulted, or that support or disprove any category of damages you seek in this case, including any computation of damages in your initial disclosures (or any supplemental or revised initial disclosures).

**RESPONSE:**    Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 31:**    Produce    all    documents    and communications relating to any false statement by Microsoft that "Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015," as alleged in Paragraph 153 of the FAC.

**RESPONSE:**    Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the

21

attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 32:**     Produce   all   documents   and communications relating to any actions or communications by Microsoft that "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II" (as alleged in Paragraphs 133 and 142 of the FAC).

**RESPONSE:**     Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**     Produce   all   documents   and communications relating to any "material false representations" made by Microsoft (as alleged in Paragraph 137 of the FAC) that Plaintiffs rely upon.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 34:**     Produce the letter referenced in Paragraph 6 of the Craig II Declaration.

**RESPONSE:** Plaintiff Craig, II visually inspected the letter but does not believe that he has a copy of the letter.

22

**REQUEST FOR PRODUCTION NO. 35:**     Produce all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018, that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC.

**RESPONSE:**     Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges as Peter Scimeca is identified in Section A of Plaintiffs' Initial Disclosures. This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 36:**     Produce     all     documents communications with Kevin Sims that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC, including without limitation communications relating to the Sims Declaration (including any drafts of that declaration).

**RESPONSE:**     Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Sims Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 37:**     Produce    all    documents    and communications with Todd Bunch that relate to this Litigation, the Federal Case, the State

23

Case or any of your claims or allegations in the FAC, including without limitation communications relating to the Bunch Declaration (including any drafts of that declaration).

**RESPONSE:**       Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Bunch Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 38:**       Produce all communications with anyone (besides those communications protected by the attorney-client privilege) relating to any plea by anyone in the State Case.

**RESPONSE:**       Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, Plaintiff has not located any such documents at this time.

**REQUEST FOR PRODUCTION NO. 39:**       Produce all documents and communications relating to the civil settlement in the Federal Case.

**RESPONSE:**       Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

24

**REQUEST FOR PRODUCTION NO. 40:**    Produce    all    documents    and communications referenced in Section B of your Initial Disclosures, dated November 29, 2018.

**RESPONSE:**        Responsive documents will be produced.

Dated this 12th day of February, 2019.

WARD & GLASS, LLP

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Barrett T. Bowers, OBA #30493
Jonathan M. Irwin, OBA#32636
1601 36th Ave., Suite 100
Norman, OK  73072
(405) 360-9700 Telephone
(405) 360-7902 Fax
barrett@wardglasslaw.com

and

Bret Burns
Burns Law Office
519 W Chickasha Ave.
Chickasha, OK 73018
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF MAILING

This is to certify that on this 12th day of February, 2019, a true and correct copy of the foregoing instrument was mailed via USPS, postage pre-paid, to the following counsel of record:

Ronald T. Shinn, Jr.
McAfee & Taft
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Email: ron.shinn@mcafeetaft.com

-and-

William S. Leach
McAfee & Taft
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74103
Email: bill.leach@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT CDW GOVERNMENT, LLC**

Robert D. Nelson, OBA# 6610
Lindsay N. Kistler, OBA# 32814
100 North Broadway
Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
lkistler@hallestill.com

-and-

Bonnie E. MacNaughton, WSB# 36110,
Ambika K. Doran, WSB# 38237, &
James H. Wendell, WSB# 46489
Respectfully admitted Pro Hac Vice
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: bonniemacnaughton@dwt.com
ambikadoran@dwt.com
jamiewendell@dwt.com
**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

Barrett T. Bowers

## VERIFICATION

STATE OF OKLAHOMA      )
                              ) ss.

COUNTY OF CLEVELAND    )

     I, Ray Craig, II, a member of Craig PC Sales & Services, LLC, being of lawful age and first duly sworn, state:  That I am the Plaintiff in the above-referenced matter, that I have read and reviewed the answers to discovery and that to the best of my knowledge and belief, they are true and correct.

                                _____
                                Ray Craig II
                                For Craig PC Sales & Services, LLC

     Subscribed and sworn to before me this ___11th___ day of February, 2019.

                                _____
                                Notary Public

My Commission Expires: __8/5/2020__
My Commission Number: __08008034__

(SEAL)



**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CRAIG PC SALES & SERVICE, LLC,
an Oklahoma domestic limited liability
Company; RAY T. CRAIG, SR., and
RAY T. CRAIG, II,

     Plaintiffs,

v.

     Case No. CIV–17–3–F

1. CDW GOVERNMENT, LLC, an
Illinois limited liability company;

2. MICROSOFT CORPORATION,

     Defendants.

## PLAINTIFF RAY T. CRAIG, II'S RESPONSES AND OBJECTIONS TO MICROSOFT'S FIRST SET OF DISCOVERY REQUESTS

**COMES NOW** Plaintiff Ray T. Craig, II, and submits the following Responses and

Objections to Defendant Microsoft Corporation's First Set of Discovery Requests.

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify all persons with knowledge relating to

the allegations in the FAC, and for each person, describe with specificity the knowledge

he, she, or it possesses.

**ANSWER:**  See Plaintiff Craig PC's Answer to Interrogatory No. 1.

1

**INTERROGATORY NO. 2:**    Identify each and every "valid business relationship and expectancy" you (not Craig PC Sales & Service, LLC) had with "private clients" as alleged in Paragraph 151 of the FAC.

**ANSWER:**  Craig, II had a valid business relationship and expectancy with the same private clients as Craig PC. Craig, II's relationships with the customers was instrumental in obtaining business for Craig PC. Furthermore, Craig, II had a valid business relationship and expectancy with Craig PC itself.

**INTERROGATORY NO. 3:**    Of the "private clients" identified in your answer to Interrogatory No. 2, identify each person or entity you transacted business with after February 25, 2014.

**ANSWER:**  See Plaintiff Craig PC's Response to Interrogatory No. 7.

**INTERROGATORY NO. 4:**    Of the "private clients" identified in your answer to Interrogatory No. 3, describe the date the relationship started, any contracts you had, and the date and amount of all purchases from each "relationship or expectancy."

**ANSWER:**  See Plaintiff Craig PC's Response to Interrogatory No. 8.

**INTERROGATORY NO. 5:**    Identify each and every "valid business relationship and expectancy" you (not Craig PC Sales & Service, LLC) had with "school districts" as alleged in Paragraph 151 of the FAC.

**ANSWER:**  See Plaintiff Craig PC's Response to Interrogatory No. 9.

2

**INTERROGATORY NO. 6:** Of the "school districts" identified in your answer to Interrogatory No. 5, identify each school district you transacted business with after February 25, 2014.

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 10.

**INTERROGATORY NO. 7:** Of the "school districts" identified in your answer to Interrogatory No. 6, describe the date the relationship started, any contracts you had, and the date and amount of all purchases from each "relationship or expectancy."

**ANSWER:** See Plaintiff Craig PC's Response to Interrogatory No. 11.

**INTERROGATORY NO. 8:** Identify all "economic and non-economic damages" you (not Craig PC Sales & Service, LLC) suffered as alleged in Paragraph 155 of the FAC.

**ANSWER:** Plaintiff will allow the jury to determine the amount of his damages at the time of trial.

**INTERROGATORY NO. 9:** Describe with specificity any promises or representations made by you, or anyone on your behalf, that led to the dismissal of the criminal charges in the State Case.

**ANSWER:** None.

**INTERROGATORY NO. 10:** Describe with specificity your knowledge about

3

any promises or representations made by Craig, Sr., or anyone on his behalf, that led to the dismissal of the criminal charges in the State Case.

**ANSWER:** Craig, II understands that the State dropped all charges against Craig, Sr., Craig, II and Jay Jerdee when Craig, Sr. agreed to plead guilty to a misdemeanor.

**INTERROGATORY NO. 11:** Describe with specificity the United States Attorneys Office for the Western District of Oklahoma's decision to decline to bring criminal charges against you.

**ANSWER:** Plaintiff Craig, II cannot speak for the United States Attorney's Office for the Western District of Oklahoma. Plaintiff Craig, II believes that the USAO declined to bring criminal charges against him because Craig, II was innocent.

**INTERROGATORY NO. 12:** Describe with specificity any information provided or representations made by you, or anyone on your behalf, that led to the civil settlement in the Federal Case.

**ANSWER:** Objection. This Interrogatory requires the disclosure of information protected by the attorney-client and/or work-product privileges to the extent it requests the disclosure of information conveyed by Plaintiff Craig, II to his counsel. Plaintiff also objects because the Interrogatory is vague and confusing in that Plaintiff does not understand what specific information Defendant Microsoft Corporation is requesting. Subject to and without waiving those objections, see the Settlement Agreement itself.

4

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**     Produce   all   documents   and communications referenced, referred to, consulted or relied upon in answering the above interrogatories.

**RESPONSE:**     Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**     Produce   all   documents   you provided to any expert witness you expect to call to testify in this case.

**RESPONSE:**     Plaintiff has not retained such an expert at this time.

**REQUEST FOR PRODUCTION NO. 3:**     Produce all communications with any expert witness you expect to call to testify in this case that identify the assumptions that you provided to the expert witness and that the expert witness relied on in forming his or her opinions.

**RESPONSE:**     Plaintiff has not retained such an expert at this time.

**REQUEST FOR PRODUCTION NO. 4:**     Produce   all   documents   and communications referred to, reviewed, or relied upon in preparing the FAC.

**RESPONSE:**     Responsive documents will be produced.

5

**REQUEST FOR PRODUCTION NO. 5:**      Produce any written or recorded statements by witnesses or other persons relating to any allegation or claim in the FAC, including any drafts of such statements.

**RESPONSE:**      Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of any written or recorded statements by witnesses or other persons relating to any allegation or claim in the First Amended Complaint. See Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**      Produce all documents and communications relating to any investigation by federal authorities into the Federal Case, including all statements you provided to the Federal Government or federal employees.

**RESPONSE:**      Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff cannot respond to this request in a meaningful fashion. Subject to and without waiving this objection, Plaintiff states that he provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports.

6

**REQUEST FOR PRODUCTION NO. 7:**     Produce    all    documents    and communications relating to any investigation by state authorities into the State Case, including all statements you provided to the State of Oklahoma or state employees.

**RESPONSE:**     Objection. This Request seeks documents that are plainly protected by the work-product and attorney-client privileges to the extent it seeks communications between Plaintiff and counsel or documents created by counsel. Furthermore, the Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. The FBI seized a significant amount of material including all of Plaintiff Craig PC's payroll records and business records and computers. Plaintiff cannot respond to this request in a meaningful fashion. This is relevant because the State obtained all of those documents as well. Subject to and without waiving this objection, Plaintiff states that he provided oral statements to the FBI that were reduced to writing by the FBI in 302 Reports. Plaintiff will produce all of the FBI 302 reports. Plaintiff did not give a statement to any state authority.

**REQUEST FOR PRODUCTION NO. 8:**     Produce    all    documents    and communications relating to any investigation by Microsoft into your business.

**RESPONSE:**     Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**     Produce    all    documents    and communications relating to your allegation that you had a "valid business relationship and expectancy" with "private clients" as alleged in Paragraph 151 of the FAC.

7

**RESPONSE:**        Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 10:**        Produce    all    documents    and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153 of the FAC.

**RESPONSE:**        Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 11:**        Produce    all    documents    and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference with any "private clients," as alleged in Paragraph 155 of the FAC.

8

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 12:**     Produce all documents and communications relating to your allegation that you had a "valid business relationship and expectancy" with "school districts" as alleged in Paragraph 151 of the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 13:**     Produce all documents and communications relating to the Microsoft's "intentional interference with any valid business relationship or expectancy" with any "school districts," as alleged in Paragraph 153 of the FAC.

9

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 14:**     Produce   all   documents   and communications relating to your allegation that you "suffered economic and noneconomic damages" as a result of Microsoft's intentional interference "with any "school districts," as alleged in Paragraph 155 of the FAC.

**RESPONSE:**     Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**     Produce   all   documents   and communications relating to any action by Microsoft (including actor, date, time, and place of the event) that constitutes actionable interference as you allege in your Sixth Cause of Action in the FAC.

**RESPONSE:**     Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents and communications relating to the termination of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts or "private clients" that existed as of February 25, 2014, and which forms the basis of your Sixth Cause of Action in the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC. Plaintiff cannot meaningfully respond to this Request based on its current breadth. Subject to and without waiving this objection, Plaintiff will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017.

**REQUEST FOR PRODUCTION NO. 17:** Produce documents showing any log, recording, or other record of calls you had with customers relating to your advertising, marketing, selling, administering, conducting, or provision of Microsoft software from January 1, 2006 to the present.

**RESPONSE:** Objection. This Request is overly broad on its face because it requires the production of every single customer contact Plaintiff has had since January 1, 2006. This Request is also unduly burdensome. Plaintiff Craig PC is a small, family-owned business that does not have the capacity to search for every single "log, recording, or other

11

record of calls" had with every customer relating to advertising, marketing, selling, administering, conducting, or provision of Microsoft Software for a period of 13 years.

**REQUEST FOR PRODUCTION NO. 18:** Produce all of your federal and state tax returns (including amended versions) from January 1, 2006 to the present.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents used, relied upon, consulted, or that support or disprove any category of damages you seek in this case, including any computation of damages in your initial disclosures (or any supplemental or revised initial disclosures).

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents and communications relating to any false statement by Microsoft that "Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This

Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents and communications relating to any actions or communications by Microsoft that "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II" (as alleged in Paragraphs 133 and 142 of the FAC).

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents and communications relating to any "material false representations" made by Microsoft (as alleged in Paragraph 137 of the FAC) that Plaintiffs rely upon.

**RESPONSE:** Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents and communications referenced in the Craig II Declaration, or those that were consulted, reviewed, or relied upon to draft that declaration.

13

**RESPONSE:**        Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 24:**        Produce all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018 that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC.

**RESPONSE:**        Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges as Peter Scimeca is identified in Section A of Plaintiffs' Initial Disclosures. This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 25:**        Produce all documents and communications with Kevin Sims that relate to this Litigation, the Federal Case, the State Case or any of your claims or allegations in the FAC, including without limitation communications relating to the Sims Declaration (including any drafts of that declaration).

**RESPONSE:**        Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Simms Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

14

**REQUEST FOR PRODUCTION NO. 26:**       Produce all documents and communications with Todd Bunch that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC, including without limitation communications relating to the Bunch Declaration (including any drafts of that declaration).

**RESPONSE:**       Objection. This Request covers documents protected by the work-product privilege to the extent it seeks drafts of the Bunch Declaration. See Fed. R. Civ. P. 26(b)(3). This Request is overly broad on its face because it uses an omnibus term with respect to the entire lawsuit. Plaintiff cannot meaningfully respond to this request.

**REQUEST FOR PRODUCTION NO. 27:**       Produce   all   documents   and communications relating to any plea by anyone in the State Case.

**RESPONSE:**       Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, Plaintiff has not located any such documents at this time.

**REQUEST FOR PRODUCTION NO. 28:**       Produce   all   documents   and communications relating to the civil settlement in the Federal Case.

**RESPONSE:**       Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced.

15

**REQUEST FOR PRODUCTION NO. 29:**     Produce   all   documents   and

communications referenced in Section B of your Initial Disclosures, dated November 29,

2018.

**RESPONSE:**     Responsive documents will be produced.

Dated <u>12th</u> day of February, 2019.

WARD & GLASS, LLP

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Barrett T. Bowers, OBA #30493
Jonathan M. Irwin, OBA#32636
1601 36th Ave., Suite 100
Norman, OK  73072
(405) 360-9700 Telephone
(405) 360-7902 Fax
barrett@wardglasslaw.com

and

Bret Burns
Burns Law Office
519 W Chickasha Ave.
Chickasha, OK 73018
**ATTORNEYS FOR PLAINTIFFS**

16

## CERTIFICATE OF MAILING

This is to certify that on this 12th day of February, 2019, a true and correct copy of the foregoing instrument was mailed via USPS, postage pre-paid, to the following counsel of record:

Ronald T. Shinn, Jr.
McAfee & Taft
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Email: ron.shinn@mcafeetaft.com

-and-

William S. Leach
McAfee & Taft
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74103
Email: bill.leach@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT CDW GOVERNMENT, LLC**

Robert D. Nelson, OBA# 6610
Lindsay N. Kistler, OBA# 32814
100 North Broadway
Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
lkistler@hallestill.com

-and-

Bonnie E. MacNaughton, WSB# 36110,
Ambika K. Doran, WSB# 38237, &
James H. Wendell, WSB# 46489
Respectfully admitted Pro Hac Vice
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: bonniemacnaughton@dwt.com
ambikadoran@dwt.com
jamiewendell@dwt.com
**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

Barrett T. Bowers

17

## VERIFICATION

STATE OF OKLAHOMA      )
                                 ) ss.
COUNTY OF CLEVELAND    )

     I, Ray Craig, II, being of lawful age and first duly sworn, state:  That I am the Plaintiff in the above-referenced matter, that I have read and reviewed the answers to discovery and that to the best of my knowledge and belief, they are true and correct.

_____
Ray Craig II

Subscribed and sworn to before me this ___11th___ day of February, 2019.

_____
Notary Public

My Commission Expires: 8/5/2020
My Commission Number: 08008034

(SEAL)



**EXHIBIT D**



Suite 3300
920 Fifth Avenue
Seattle, WA 98104

**Zana Bugaighis**
(206) 757-8304 tel
(206) 757-7304 fax

zanabugaighis@dwt.com

March 1, 2019

**Via Electronic Mail**

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Barrett T. Bowers, OBA #30493
Jonathan M. Irwin, OBA#32636
1601 36th Ave., Suite 100
Norman, OK 73072
(405) 360-9700 Telephone
(405) 360-7902 Fax
barrett@wardglasslaw.corn

Re:     *Craig PC Sales & Service LLC et al. v. CDW Government LLC et al.*, No. 5:17-cv-00003-F

Dear Barrett:

I write on behalf of Microsoft Corporation regarding deficiencies in the Craig PC, Ray Craig Sr., and Ray Craig, II ("Plaintiffs") Responses and Objections to Microsoft's First Set of Interrogatories and Requests for Production (collectively the "Responses"). Microsoft has summarized its concerns with respect to Plaintiffs' discovery responses by citing Craig PC's objections and responses, to which Craig Sr. and Craig II's responses refer. However, Microsoft's concerns apply to all of Plaintiffs' discovery obligations. **Please let me know your availability for a telephonic meet-and-confer on or before March 6, 2019.**

**General Issues with Plaintiffs' Discovery Responses**

Plaintiffs have yet to produce any responsive documents. Although Plaintiffs generally agree to produce specific documents, business records, and other information, their Responses do not indicate when those documents and communications will be produced. For example, Craig PC's Response to RFP 1 states simply: "Responsive documents will be produced." Plaintiffs cannot provide an indefinite date for responding to an RFP. On or before **March 6, 2019** please provide a date certain by when Plaintiffs intend to begin their production of documents. Microsoft reserves its right to object to the sufficiency of Plaintiff's production when made, including those documents Plaintiffs have agreed to produce subject to a protective order.

Barrett T. Bowers
March 1, 2019
Page 2

Additionally, Plaintiffs' Interrogatory Responses repeatedly direct Microsoft to unproduced "business records." For example, Craig PC ROGs 6-11 requests Craig PC identify certain business relationships with private clients and school districts. In response, Craig PC "directs Microsoft to its business records" pursuant to Federal Rule Civil Procedure 33(d) that "will be identified upon production . . . following the entry of an appropriate protective order." However, Federal Rule Civil Procedure 33(d) may only be used in lieu of a written response where "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Plaintiff Craig PC has superior knowledge of its business relationships with private clients and school districts and with the business relationships that form the basis of its alleged damages. Directing Microsoft to "business records" does not meet Plaintiffs' discovery obligations.

As to multiple responses, it is unclear based on Plaintiffs' objections if responsive information is being withheld. Please clarify if Plaintiffs are withholding responsive information as to Craig PC ROG 5 and RFPs 18, 19, 21, 23, 30, 31, 33, and 39 and Craig Sr. and Craig II's corresponding discovery requests.

## Plaintiffs' Non-Responsive and Partial Responses

As to multiple Requests, including Craig PC ROGs 12, 16, 17, and RFPs 15, 24, Plaintiff responds by offering to produce documents that are either not responsive or only partially responsive to the RFP or by providing non-responsive answers to each interrogatory. Plaintiffs repeatedly object that Microsoft's requests are overly broad because they use "an omnibus term with respect to the entire lawsuit." Plaintiffs' objection has no merit. Microsoft is entitled to take discovery regarding the scope of the "entire lawsuit."

As to ROG 12, Microsoft requested Craig PC "[i]dentify each and every false statement you claim was made by Microsoft, or any representative thereof, including the speaker, each person who was present for the statement, the date, the time, and the place, as alleged in Paragraph 153 of the FAC." Paragraph 153 of the FAC states that "Defendant Microsoft intentionally interfered with Plaintiffs' valid business relationship and expectancy by making the false statements[.]" Plaintiff's Response to ROG 12 (and to ROGs 16 and 17), however, identifies only categories of statements and examples of these statements made to Special Agent Decker. Plaintiffs object it is "unduly burdensome" to request the identity of every alleged false statement on which Plaintiffs intend to rely. To the extent Plaintiffs intend to rely on any alleged statements in addition to those identified in response to ROG 12, 16, and 17, Plaintiffs must immediately supplement their response.

As to Craig PC RFP 17, Microsoft requested Plaintiff Craig PC produce "all documents and communications relating to your allegations that you had a 'valid business relationship and expectancy with 'private clients' as alleged in Paragraph 151 of the FAC." Plaintiff Craig PC objects that it "cannot meaningfully respond to this Request based on its current breadth" and states it will produce sales detail sheets that demonstrate how much revenue was earned from each customer from 2004-2017. Craig PC answers RFPs 18, 20, and 24 similarly. Craig PC's objections are unfounded. To the extent any other documents exist regarding Craig PC's

Barrett T. Bowers
March 1, 2019
Page 3

business relationships and/or Microsoft's alleged interference with those relationships, Plaintiffs must immediately supplement their responses and production to RFPs 17, 18, 20, and 24.

As to RFP 24, Microsoft requested Craig PC "[p]roduce all documents and communications relating to the ***termination*** of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts or 'private clients[.]'" In Plaintiff's Response to RFP 24, it objects to the breadth alleging that RFP 24 "could potentially encompass any number of documents or communications, including every invoice ever received from Craig PC" but agrees to produce "sales detail sheets that demonstrate how much revenue was earned." In Plaintiffs' Sixth Cause of Action, they allege that Microsoft interfered with business relationships and caused them "economic and non-economic damages" from the implied termination of those relationships. *See* FAC ¶ 155.  Microsoft requests documents and communications relating to the termination of the relationship, not every possible email or invoice.  Furthermore, sales records will not show the reason for termination, which is relevant and at issue in Plaintiffs' claim of tortious interference.

As to Craig PC RFPs 26 and 28, Microsoft requested Plaintiff Craig PC produce "all of your [and Craig PC Sales & Service, Inc.'s] income statements, statement of financial position, balance sheets, profit-loss statements, cash flow statements, financial reports, financial audits, or investor reports from January 1, 2006 to the present."  Plaintiff Craig PC does not provide any objection but agrees to produce only Craig P.C.'s Profit and Loss statements for an undefined time period.  Documentation regarding Craig PC's financial situation is necessary to Microsoft's defense.

**<u>Plaintiffs' Refusal to Produce Responsive Documents or Respond to Interrogatories</u>**

As to multiple Requests, including Craig PC ROG 15, Craig Sr. and Craig II ROG 8, and Craig PC RFPs 14, 15, 36 and 37, Plaintiffs respond by simply ignoring the request or alternatively objecting and refusing to provide the requested information on the grounds that the request is overbroad and privileged.

As to Craig PC ROG 15, Microsoft requested Plaintiffs describe with specificity "any information provided or representations made by you, or anyone on your behalf, that led to the civil settlement in the Federal Case." Craig PC does not provide a response and instead objects that the request implicates privileged information and is "vague and confusing in that Plaintiff does not understand what specific information Defendant Microsoft Corporation is requesting." Any and all statements made by Craig PC or its counsel to the Federal Bureau of Investigation ("FBI"), federal prosecutors, and/or any other individual (outside of Plaintiffs' counsel) that led to settlement in the Federal Case are responsive and must be produced.

As to Craig PC RFPs 14 and 15, Microsoft requested Craig PC produce "all documents and communications relating to any investigation" by the federal and state authorities into the Federal and State Cases including all statements Craig PC provided to the Federal Government, federal employees, State of Oklahoma, or state employees.  Plaintiff Craig PC objected that it "cannot respond in a meaningful fashion" because the Request is "overly broad on its face

Barrett T. Bowers
March 1, 2019
Page 4

because it uses an omnibus term with respect to a general category or group of documents." Plaintiff states it will produce "all of the FBI 302 reports."  Plaintiff can (and must) additionally produce all communications with the Federal Government, federal employees, State of Oklahoma, or state employees relating to the Federal and State Case investigations and any documents related thereto.

As to Craig Sr. and Craig II ROG 8, Microsoft requested Plaintiffs "[i]dentify 'all economic and non-economic damages' the individual, non-corporate plaintiffs suffered, "as alleged in Paragraph 155 of the FAC." In their Responses, Plaintiffs state that they "will allow the jury to determine the amount of [their] damages at the time of trial." Because the types, form, and grounds for Plaintiffs' damages are highly relevant as an element of their claim, Plaintiffs cannot decline to provide that information in favor of surprising Microsoft at trial. While Microsoft agrees that a fact-finder should determine the ***amount*** of damages, if any, the ***source or type*** of those alleged damages is discoverable and highly pertinent to Plaintiffs' and Defendants' claims and defenses. As such, Plaintiffs' Responses are improper.

As to Craig PC RFP 25, Microsoft requested "documents showing any log, recording, or other record of calls you had with customers relating to your advertising, marketing, selling, administering, conducting, or provision of Microsoft software from January 1, 2006 to the present."  Craig PC objected that it does not have capacity to search for every single "log, recording, or other record of calls" for a period of 13 years.  But Plaintiffs' records regarding the "advertising, marketing, selling, administering, conducting, or provision of Microsoft software" from January 1, 2006 are directly relevant to Plaintiffs' claims that Microsoft made false allegations regarding Craig PC and must be produced.

As to Craig PC RFP 35, Microsoft requested "all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018, that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC."  Plaintiffs object that this request as overly broad.  The communications Microsoft requests are with individuals identified by Plaintiffs as having relevant knowledge of this Litigation and the request is limited to communications that go directly to Plaintiffs' claims and/or Microsoft's defenses.

As to Craig PC RFP 36, Microsoft requested "all documents [and] communications with Kevin Sims that relate to this Litigation, the Federal Case, the State Case, or any of your claims or allegations in the FAC, including without limitation communications relating to the Sims Declaration (including any drafts of that declaration)." Objecting on the grounds that "drafts of the Sims Declaration" are privileged work-product and the Request is overbroad, Plaintiff's refuse to produce any documents in response to RFP 36.  However, any communications with Mr. Sims and/or declaration drafts shared with Mr. Sims are not privileged, even if Plaintiffs' counsel was involved in the drafting.  Moreover, this request is not overbroad because the class of documents and communications requested is limited to communications with Mr. Sims that would relate this this action.  As to Craig PC RFP 37, Microsoft requested the same form and types of communications and documents, except as they relate to Todd Bunch. For the same reasons provided above, Plaintiff's Response is insufficient.

Barrett T. Bowers
March 1, 2019
Page 5

## **Plaintiffs' Claim That No Responsive Documents or Information Exist**

As to Craig PC RFP 38, Microsoft requested "all communications with anyone (besides those communications protected by the attorney-client privilege) relating to any plea by anyone in the State Case." In response, Plaintiff Craig PC objected that Microsoft seeks privileged documents but stated that it "has not located any such documents at this time." Microsoft's request specifically excluded privileged communications, making Plaintiff's privilege objection is improper.  Regardless, please confirm whether Craig PC conducted a comprehensive review of its emails (including a keyword search) in attempting to locate responsive documents.

## **Plaintiffs' Privilege Objections**

As to Craig PC RFP 13, Microsoft requests Craig PC produce "any written or recorded statements by witnesses or other persons relating to any allegation or claim in the FAC, including any drafts of such statements."  Plaintiff Craig PC objects that "documents protected by the work-product privilege to the extent it seeks drafts of any written or recorded statements by witnesses or other persons relating to any allegation or claim in the First Amended Complaint. Federal Rule Civil Procedure 26(b)(3) protects these materials prepared in anticipation of litigation unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." To the extent Craig PC prepared written or recorded statements of witnesses relating to any allegation or claim in the First Amended Complaint in preparation for litigation, Craig PC must identify these statements so that Microsoft can move for their production if necessary to Microsoft's defense.

We look forward to discussing these issues on a meet-and-confer call and sincerely hope we can resolve these disputes without resorting to motion practice.

Sincerely,

Davis Wright Tremaine LLP

Zana Bugaighis

**EXHIBIT E**

| | |
|---|---|
| **From:** | Doran, Ambika |
| **Sent:** | Friday, July 12, 2019 2:31 PM |
| **To:** | Barrett Bowers; Bugaighis, Zana; Thomas C. Koessl; MacNaughton, Bonnie; Evelyn Williams; Stephanie Hemesley; 'bret.burns@ymail.com'; Jonathan Irwin; Rhonda Stermer; Woody Glass |
| **Cc:** | Kalinowski, Caesar; Silva, Aimee; Miller, Anita; 'bnelon@hallestill.com' |
| **Subject:** | RE: Microsoft/Craig PC - meet and confer issues |

Hi Barrett: I wanted to follow up on the below. I had expected a substantive answer on Tuesday, and it's now Friday.  Could you please try to respond on Monday? Especially with the schedule in flux, we want to get moving on a motion to compel if need be.

Have a good weekend.

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Doran, Ambika
**Sent:** Monday, July 08, 2019 7:42 PM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; 'Thomas C. Koessl' <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; 'Evelyn Williams' <Ewilliams@wardglasslaw.com>; 'Stephanie Hemesley' <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; 'Jonathan Irwin' <Jonathan@wardglasslaw.com>; 'Rhonda Stermer' <rhonda@wardglasslaw.com>; 'Woody Glass' <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

Barrett,
Thanks for talking with me today.  I wanted to summarize our understandings, as well as provide clarity on the RFP we discussed.  If anything below looks inconsistent with what we discussed, please let me know.

Ambika

***

***Documents and Information Concerning Termination of School Contracts***.  You indicated you would let me know, likely tomorrow (Tuesday), whether you will supplement your responses to the interrogatories concerning schools that stopped or substantially reduced business with the Craigs after February 24, 2014.  In particular, please note that the documents you referred to in your interrogatory responses provide information about calendar years, not months, and so we are unable to discern anything about what happened in 2014 itself.

***Identification of Allegedly Materially False Statement***.  You stated your belief that it was not Plaintiffs' job to sort through the record to identify all instances of allegedly materially false statements made by Microsoft.  You also confirmed that all such statements were made to Deb Decker.  You nonetheless agreed to get back to me whether you would supplement these responses.

*Documents Created/Transmitted/Received Related to the Prosecutions (RFPs 14 or 15)*.  You indicated that you have produced (or will soon produce) documents created or transmitted by the Craigs that relate to the state and/or federal cases.  You indicated that documents "received" in connection with those cases would include all documents returned to the Craigs by the FBI after the civil forfeiture action.  Again, to be clear, we do not want such documents.  We *do* want documents received in connection with those cases that were *not* part of the return of documents by the FBI (unless there are documents that were both received by the Craigs and then later received by the FBI—the former would fall within our request).  If this still does not provide sufficient clarity, please let me know and we can discuss again.

*Documents Concerning Plea*.  You indicated you have two bankers' boxes of documents that concern (at least in part) this request.  Please let us know when you intend to produce them.  You also indicated that you would consider our request for a privilege log.  I will consult with our client regarding your proposal that the log be narrowed to documents concerning the plea and get back to you.

*Communications with Bunch/Sims*.  You indicated there are no such documents.

*Revised RFPs*.  You indicated other than the ambiguity above ("received by"), none of the requests were ambiguous.

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Doran, Ambika
**Sent:** Friday, June 28, 2019 11:39 AM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** Microsoft/Craig PC - meet and confer issues

Barrett,

Zana is on vacation, and I'm writing to follow up on our efforts to meet and confer with plaintiffs regarding their discovery responses.  As I understand it, here are the outstanding items that we are hoping to address at this time (I am omitting the damages issues for the time being):

*Documents and Information Concerning Termination of School Contracts*.  As you know, we intend to argue that Plaintiffs' tortious interference claims are barred by the applicable statute of limitations.  For that reason, we propounded interrogatories and requests for production [RFPs 24, Interrogatories 7, 10] aimed at discerning the end dates of the relationships with which Microsoft allegedly interfered.  We have reviewed the Bates ranges you provided and have been unable to identify a single school district that stopped doing business with Craig PC after February of 2014.  And yet Mr. Bunch and Craig Jr. provided sworn declarations attesting to the contrary.  Please confirm whether there are any school districts that stopped doing business with Craig PC on or after February 25, 2014, and if so, which ones.  Please also confirm whether any school district substantially reduced their business with Craig PC after February 25, 2014.  Alternatively, please answer the interrogatories as propounded—although Rule 33(d) permits plaintiffs to refer to business records, that's only if "the burden of deriving or ascertaining the answer will be substantially the same

for either party."  Given that these are your clients' business records and your clients' allegations, it is not "substantially the same" for Microsoft to ascertain this on its own.

***Identification of Allegedly Materially False Statement***.  As Zana's email indicates, Interrogatories 13 and 17 to Craig PC asked your clients to identify the actions and take testimony it claims caused the finding of probable cause in Grady County, as alleged in Paragraph 95 of the operative complaint.  Interrogatory 12 and RFP 31 likewise request identification and supporting documents "relating to any false statement by Microsoft that 'Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015,' as alleged in Paragraph 153 of the FAC."  Plaintiffs' responses are incomplete—consisting of categories and "examples" of statements to Deb Decker.  Please provide a comprehensive  list of the statements called for by the Interrogatories and RFP—as those statements are at the heart of this case.

***Documents Created/Transmitted/Received Related to the Prosecutions***.  I have read through the email string below.  It's not clear to me that we are on the same page as to what we are asking for.  The revised RFPs ask for documents created, transmitted, or received by you that relate to the state and/or federal cases [RFPs 14 & 15].  They do *not* call for all records the FBI *seized* (as those documents were not created, transmitted, or received by you).  Please confirm that you have produced all responsive documents, and identify where in the production we may find them.

***Documents Concerning Plea***.  Item 5 in your April 23 email promises to provide "Peter Scimeca's communications with third parties regarding the termination of the federal and/or state case," which would be responsive to RFPs 24, 38, and 39.  You have not produced any such documents.  Please confirm there are none, or supplement your production.

***Communications with Bunch/Sims***.  Your email exchange below indicates there are no draft declarations for these witnesses.  However, we also asked for communications with them [RFPs 36 & 37].  Can you please confirm there are no such communications?

***Revised RFPs***.  Please confirm you have produced all documents responsive to the revised RFPs (with the understanding that, on their face, they do *not* ask for everything seized by the FBI).

We are concerned about upcoming deadlines would like to get these issues resolved as soon as we can.  Could you please respond no later than Wednesday of next week?  If that does not work, please let me know what does. We are hoping to bring any disputes to the Court's attention in mid-July.

If it would be easier to discuss by phone, please let me know.


Regards,
Ambika


**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, May 28, 2019 1:59 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee

<AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Zana,

You requested that we identify responsive bates numbers as to each interrogatory answered pursuant to Rule 33(d). That information is as follows:

Interrogatory No. 6 – <u>see</u> documents bates labeled Craig 1708-1741 and Craig 16567-16607.

Interrogatory No. 7 – <u>see</u> documents bates labeled Craig 1735-1741 and 16588-16607.

Interrogatory No. 8 – <u>see</u> documents bates labeled Craig 14843-15078, Craig 1708-1741, and Craig 16567-16607.

Interrogatory No. 9 – <u>see</u> documents bates labeled Craig 813-915, Craig 1708-1741 and Craig 16567-16607.

Interrogatory No. 10 – <u>see</u> documents bates labeled Craig 813-915; Craig 1708-1741; Craig 14704-15078; and Craig 16567-16607.

Interrogatory No. 11 – <u>see</u> documents bates labeled Craig 813-915; Craig 1708-1741; Craig 14704-15078; and Craig 16567-16607.

You also requested that we identify documents and/or categories of documents that Plaintiffs are withholding as to each request. I want to be very clear about this because I feel I've already answered it. In response to any request where Microsoft sought all documents related to the federal and/or state case, I believe that every document seized by the FBI may be responsive. However I think those requests were overly broad and irrelevant as I've previously explained. The FBI seized general business records including payroll records, HR records, time sheets of employees, all invoices, all service tickets, basically every business record in existence as of January 2011. We have withheld documents seized by the FBI that are unrelated to licensing, cloning, product keys, certificates of authenticity, academic discount pricing, and hard disk loading. This means we have withheld (1) payroll records, (2) HR records (garnishments, child support), (3) time cards of employees, (4) all invoices sent to customers by Craig PC, (5) all invoices received from all vendors by Craig PC (other than the licensing invoices that have been produced), (6) all service tickets, (7) insurance information, (8) credit card information, (9) building and property expenses (insurance, taxes, utilities), and (10) other general business records unrelated to the case.

Plaintiffs are not refusing to produce documents related to their damages. We have produced documents related to damages already, including tax returns, revenue records from 2010-2018, and invoices for attorney fees incurred in the underlying litigation. I have identified the type of damages Plaintiffs are seeking in the Rule 26 initial disclosures. I don't agree that Plaintiffs' position requires Microsoft to wait for the expert report to investigate the claim of damages. The only thing you don't have is the calculation. The underlying source documents that our expert will rely on have been produced.

I am reviewing the remainder of your email and the revised requests for production. I will have a response to the remaining items by this Friday as well as additional document production.

Barrett

---

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Tuesday, May 21, 2019 6:49 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin

<Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

We have taken considerable time to go through the information Plaintiffs have produced to date and we still need clarity regarding/production of multiple items:

- Amended RFP/ROG responses specifically designating responsive bates numbers *as to each interrogatory answered pursuant to Rule 33(d),* any documents and/or categories of documents that Plaintiffs are withholding *as to each request*, and responses to Microsoft's revised RFPs, as set forth below.
- Identification of the source and type of damages Plaintiffs allege.  Microsoft is not obligated to wait for Plaintiffs' expert report to investigate Plaintiffs' claim of damages and Plaintiffs cannot rely on communications and/or documents allegedly supporting damages at trial that they refuse to produce during the course of discovery.  Microsoft's ROG 8 to Craig Sr. and Craig II requested the identification of all "economic and non-economic damages."  Microsoft's RFP 30 to Craig PC also requested Plaintiffs: "[p]roduce all documents used, relied upon, consulted, or that support or disprove any category of damages you seek in this case, including any computation of damages in your initial disclosures (or any supplemental or revised initial disclosures)."  Microsoft's RFPs 19 and 22 to Craig PC and Microsoft's RFPs 11, 14, and 19 to Craig Sr. and Craig II further requested all documents supporting Plaintiffs' allegations of damages.  Plaintiffs' Initial Disclosures provided only limited information concerning Plaintiffs' damages allegations and do not specify which categories of damages Plaintiffs are seeking from Microsoft (as opposed to CDWG) or the sources of those damages (i.e. which specific school districts and/or private clients).
- Identification of every "material false representation[]" Plaintiffs claim was made by Microsoft.  Microsoft's ROG 17 to Craig PC requested Plaintiffs "[i]dentify the false testimony provided by Defendant Microsoft's employees" (including actor, date, time, and place of the event) that caused the finding of probable cause by the District Court of Grady County, as alleged in Paragraph 95 of the FAC."  Craig PC's response identifies *categories* of statements allegedly made by Microsoft (not actual statements) and object that Microsoft's request "is unduly burdensome because it requires Plaintiff to scour thousands of pages to find every example of Microsoft making the same false statements repeatedly."  Plaintiffs further identify limited statements allegedly made by Microsoft personnel to Deborah Decker.  If Plaintiffs intend to rely on alleged statements made by Microsoft personnel to anyone *other* than Deborah Decker, or statements not specifically identified in their discovery responses, these statements must be disclosed in discovery so that Microsoft has an opportunity to investigate the facts and circumstances surrounding the alleged statements and depose the alleged recipients and/or witnesses.
- Documents Plaintiffs have agreed to produce from Peter Scimeca concerning termination of the state and federal cases, including representations to the government and at the settlement conference.
- Documents responsive to Microsoft's revised RFPs, below.

Please supplement the above requests on or before May 28, 2019.  Please let me know if we need to have a phone call to discuss.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, April 23, 2019 12:09 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

[EXTERNAL]

Zana,

1.  Under FRCP 34, the producing party is required to state whether or not any documents are being withheld based on objections. We objected to Requests for Production that asked us to produce all documents "related to" the underlying cases based on overbreadth. I interpreted these requests to encompass all documents seized by the FBI in the federal criminal investigation. The FBI seized general business records including payroll records, HR records, time sheets of employees, all invoices, all service tickets, basically every business record in existence as of January 2011. In this case, the Craigs searched all the documents seized by the FBI for documents that were responsive to Microsoft's requests, narrowed to search for documents related to licensing, cloning, product keys, certificates of authenticity, academic discount pricing, and hard disk loading. Defendants would not be entitled to discovery of every single business record in existence in January 2011; the FBI's seizure of *everything* does not serve to expand the scope of discovery in this case.
2.  The Rule 33(d) references are as follows: Craig 813-915; Craig 1708-1741; Craig 14704-15078; and Craig 16567-16607 (these documents were inadvertently not produced; a copy is attached).
3.  There are no drafts of the Sims or Bunch declarations;
4.  We withheld only one document based on privilege; however, I have reviewed the document and determined it should not have been withheld because it was written by Scott Forbes, and we have not asserted any privilege with regard to communications involving Mr. Forbes. A copy of the document is attached as Craig 16608-16609.
5.  We will produce Peter Scimeca's communications with third parties regarding the termination of the federal and/or state case. We are confirming with Mr. Scimeca what, if anything, he has that is in addition to what has already been produced.
6.  Plaintiffs seek the damages outlined in their Initial Disclosures. As I previously indicated, we intend to present expert testimony calculating the economic damages that Plaintiffs seek.

I'm going to review the narrowed discovery requests and determine if we have any objections and, if not, what, if any, additional, responsive documents may exist.

Barrett

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Thursday, April 18, 2019 1:14 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee

<AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>;
Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

Following up here.  On or before April 23, 2019, please provide the responsive bates numbers to Microsoft's ROGs and
revised Answers and Responses to Microsoft's RFPs and ROGs specifying:

- Documents and/or categories of documents that Plaintiffs are withholding;
- If Plaintiffs will produce documents from Peter Scimeca concerning termination of the state and federal cases, including representations to the government and at the settlement conference;
- Whether any drafts of the Sims and/or Bunch declarations and/or any communications with Sims and/or Bunch exists;
- Final invoices sent to Craig PC customers;
- Identification of the source and type of damages Plaintiffs will allege and ask their expert to calculate;
- Verification that no privileged documents exist.

Below are Microsoft's revised RFPs:

RFP 14 - Produce all documents and communications created, transmitted, or received by you during the investigation
by federal authorities relating to the Federal Case, including all statements you provided to the Federal Government or
federal employees.

RFP 15 - Produce all documents and communications created, transmitted (not including those materials seized by the
State), or received by you during the investigation by state authorities relating to the State Case, including all statements
you provided to the State of Oklahoma or state employees.

RFP 17 - Produce documents and communications sufficient to establish contract formation dates, dates of services,
termination of services, services rendered, and invoice amounts paid for each of your alleged "valid business
relationship and expectancy" with "private clients," as alleged in Paragraph 151 of the FAC.

RFP 18 - Produce all documents and communications evidencing and/or constituting Microsoft's "intentional
interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153
of the FAC.

RFP 20 - Produce documents and communications sufficient to establish contract formation dates, dates of services,
termination of services, services rendered, and invoice amounts paid for each of your alleged "valid business
relationship and expectancy" with "school districts," as alleged in Paragraph 151 of the FAC.

RFP 24 – Produce all documents and communications relating to the termination of any business relationship,
expectancy, or prospective economic advantage with the thirty-seven school districts and/or "private clients."

RFP 25 - Produce all advertising and/or marketing documents or communications, descriptions of services, and/or
descriptions of products transmitted by you to customers concerning your provision of Microsoft software or computer
services, from January 1, 2006 to the present.

RFP 35 - Produce all communications after January 1, 2006, you have had with any person identified in Section A of your
Initial Disclosures dated November 29, 2018, that relate to Microsoft, this Litigation, the Federal Case, the State Case.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Bugaighis, Zana
**Sent:** Tuesday, April 09, 2019 1:34 PM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lewis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

Does 9:15 AM PST work for you?

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, April 09, 2019 1:28 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lewis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

[EXTERNAL]

I will be unavailable at that time. I am available in the morning at 9:00 (PST).

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Tuesday, April 09, 2019 3:26 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lewis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee

<AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

PST.

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, April 09, 2019 1:23 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

**[EXTERNAL]**

Are you suggesting 1:00 p.m. CST or PST?

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Tuesday, April 09, 2019 2:14 PM
**To:** Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Barrett Bowers <Barrett@wardglasslaw.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett and Jonathan,

Please let me know if you are available for a meet and confer call tomorrow, Wednesday, April 9, 2019 at 1:00 PM. Unfortunately, if we cannot move forward with discovery expeditiously, Microsoft will have to move to compel as detailed below and in Microsoft's attached letter.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Bugaighis, Zana
**Sent:** Monday, April 01, 2019 11:52 PM
**To:** Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; Barrett

Bowers <Barrett@wardglasslaw.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley
<shemesley@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin
<Jonathan@wardglasslaw.com>; Rhonda Stermer <rstermer@wardglasslaw.com>; Woody Glass
<woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee
<AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett and Jonathan,

Please let me know when Plaintiffs plan to serve amended ROG and RFP responses and a privilege log in response to
Microsoft's letter (attached).  For every interrogatory that Plaintiffs answered with reference to FRCP 33(d), please make
sure that Plaintiffs supplement their answers with reference to particular bates numbers.  Please also ensure that
Plaintiffs clearly state if they are withholding responsive information and/or documents on any basis.

In follow up from our meet and confer with Jonathan, Microsoft needs Plaintiffs' identification of damages information
on or before April 7, 2019 so that we can pursue additional discovery prior to the discovery cut off.

Microsoft also continues to demand production of responsive information in response to RFPs 36 and 37, requesting "all
documents [and] communications with [Kevin Sims and Todd Bunch] that relate to this Litigation, the Federal Case, the
State case, or any of your claims or allegations in the FAC, including without limitation communications relating to the
[Sims and Bunch] Declaration[s] (including any drafts of [those] declaration[s])." Plaintiffs contend that these requests
"cover[] documents protected by the work-product privilege to the extent it seeks drafts" of the Sims and Bunch
Declarations and cite Fed. R. Civ. P. 26(b)(3).  However, work product shelters the mental processes of the attorney and
"does not protect the underlying facts contained in the documents from discovery." *Oklahoma v. Tyson Foods, Inc.*, 262
F.R.D. 617, 626 (N.D. Okla. 2009).  "This is true even if those facts are attained due to the efforts of the attorney."  *Id.* at
628. "The privilege derived from the work-product doctrine is not absolute," and may be waived.  *United States v.
Nobles*, 422 U.S. 225, 239 (1975).  "Drafts of documents to be submitted to third parties, although prepared by counsel,
are not generally privileged. Submission of the document to the third party removes any cloak of privilege." *In re
Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 2555834, at *2 (D. Kan. June 13, 2017); *see also id.* at
*7.  Plaintiffs have waived any protections for the requested documents and communications if shared with Sims and
Bunch.

Please let me know if you are available for a call Thursday, April 4, 2019 at 11:00 AM PST to discuss.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Friday, March 01, 2019 8:12 PM
**To:** Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Barrett
Bowers <Barrett@wardglasslaw.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley
<shemesley@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin
<Jonathan@wardglasslaw.com>; Rhonda Stermer <rstermer@wardglasslaw.com>; Woody Glass
<woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee
<AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>;

Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Subject:** Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

Please see the attached correspondence.

Thanks,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.
.

**EXHIBIT F**

| | |
|---|---|
| **From:** | Doran, Ambika |
| **Sent:** | Tuesday, July 30, 2019 3:12 PM |
| **To:** | Barrett Bowers |
| **Cc:** | Bugaighis, Zana; MacNaughton, Bonnie |
| **Subject:** | RE: Microsoft/Craig PC - meet and confer issues |

Can you also please let me know the answer to the other questions highlighted below (from July 16)?

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, July 30, 2019 3:11 PM
**To:** Doran, Ambika <AmbikaDoran@dwt.com>
**Cc:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>
**Subject:** Re: Microsoft/Craig PC - meet and confer issues

I have been delayed in getting the production to you. I apologize for the delay. I'm going out of state for the remainder of the week but I will ensure that the production is completed and sent  next Tuesday when I get back. Thank you for your patience to date.

On Jul 29, 2019, at 11:28 AM, Doran, Ambika <AmbikaDoran@dwt.com> wrote:

> Barrett: I'm following up on the below.  Could you please respond to the other items in my email, highlighted?
>
> **Ambika Kumar Doran** | Davis Wright Tremaine LLP
> Partner | Co-Chair, Media Law Practice
> 920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
> Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
> Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/
>
> Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Doran, Ambika
**Sent:** Tuesday, July 23, 2019 1:21 PM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

Thanks. We've been asking for this stuff for a while, so we are hopeful we'll get an answer by then, or if not, we may need to file a motion.

Can you also respond to my specific questions about the allegedly false statements, as well as tell us when to expect your document production? We anticipated receiving it last week.

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, July 23, 2019 1:19 PM
**To:** Doran, Ambika <AmbikaDoran@dwt.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

I am meeting with my client next week to go over the supplemental answer regarding lost business after the state charges. I will have a response by Monday, August 5.

**From:** Doran, Ambika <AmbikaDoran@dwt.com>
**Sent:** Monday, July 22, 2019 5:24 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

Barrett, can you please respond to my message below? Can you also let us know when to expect your next document production?

Ambika

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Doran, Ambika
**Sent:** Tuesday, July 16, 2019 3:35 PM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie

<BonnieMacnaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie
Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>;
Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody
Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller,
Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

Thanks, Barrett.

On the first category (termination of contracts), by what date can you provide that information?

On the second category, I just want to be sure I understand your position.  The second category
concerns four specific requests—here are the requests and our understanding of/questions about your
position.

1. *Rog 12*.  Identify each and every false statement you claim was made by Microsoft, or any
representative thereof, including the speaker, each person who was present for the statement, the date,
the time, and the place.  Paragraph 1 of your response identifies an "overarching false statement" with
six subcategories, followed by examples.  Can you please confirm that the first paragraph contains all of
the statements you claim are materially false? In other words, am I correct that these are all the
allegedly false statements, but that you claim they were repeated, and it is too burdensome for you to
identify every instance of repetition?  Or is it your position that paragraph 1 of your response does not
comprehensively identify the allegedly false statements?

2. *Rog 13*: Identify each and every action by Microsoft (including actor, date, time, and place of the
event) you claim "caused a federal criminal investigation and state criminal action to be brought against
Plaintiffs Craig PC and Craig, II."  In response, you identified a statement by Agent Decker in the
preliminary hearing that the FBI "was contacted by Microsoft which had received some complaints
about their software being pirated and they had began their own investigation."  You then say that
Microsoft's records "demonstrate the specifics of who  made the complaint, when the complaint was
made, and how the complaint was made."  In this last sentence, what does "complaint" refer to—is it
the communication by Microsoft to Agent Decker, or is it the complaints that Microsoft told the FBI it
had received?  We are presuming the former, as the question asks about actions by Microsoft (not third
parties who complained to Microsoft).  Assuming that is correct, is it your position that there are other
statements by Microsoft that are not listed in this response, or is it your position that this is one
statement that was repeated and a request for each instance is overbroad?

3. *Rog 17*.  This asks for the "false testimony provided by Defendant Microsoft's employees."  Your
response refers to Rog 12.  Can you please identify which part of Rog 12 is responsive to Rog 17?

4. *RFP 31*.  This seeks documents "relating to any false statement that 'Plaintiffs' [sic] violated
Microsoft's copyright in 2014 and 2015."  I don't think we have a dispute over this one, as your response
appears to indicate you would provide all responsive documents.  Am I correct?

Thanks again.

Ambika

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, July 16, 2019 12:58 PM
**To:** Doran, Ambika <AmbikaDoran@dwt.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

Ambika,

***Documents and Information Concerning Termination of School Contracts***. Plaintiffs will identify the specific school districts that ceased doing business and/or reduced their business after the state charges were filed in 2014.

***Identification of Allegedly Materially False Statement.*** I don't think I characterized it as "not my job" to sort through the record to identify all instances of materially false statements made by Microsoft. My position is that it is overly broad and unduly burdensome to require Plaintiffs to comb through 16,000 pages to identify *every instance* that a false statement is *repeated*. My clients' initial discovery responses identify the false statements that Microsoft and/or its employees made to the lead investigator Deborah Decker. I don't believe I have anywhere stated that Microsoft *only* made those statements to Deborah Decker. It remains my position that it is overly broad and unduly burdensome to have the plaintiffs identify every instance these false statements were *repeated*. I don't intend to supplement Craig PC's Answer to Interrogatory No. 12.

***Documents Created/Transmitted/Received Related to the Prosecutions (RFPs 14 or 15)***. I believe that, in addition to my upcoming production, I have produced all responsive documents.

***Documents Concerning Plea***. I will be producing these documents by Friday of this week.

With this, I believe that addresses all of the issues you have raised.

Barrett

**From:** Doran, Ambika <AmbikaDoran@dwt.com>
**Sent:** Monday, July 08, 2019 9:42 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft/Craig PC - meet and confer issues

Barrett,

Thanks for talking with me today.  I wanted to summarize our understandings, as well as provide clarity on the RFP we discussed.  If anything below looks inconsistent with what we discussed, please let me know.

Ambika

\*\*\*

***Documents and Information Concerning Termination of School Contracts***.  You indicated you would let me know, likely tomorrow (Tuesday), whether you will supplement your responses to the interrogatories concerning schools that stopped or substantially reduced business with the Craigs after February 24, 2014.  In particular, please note that the documents you referred to in your interrogatory responses provide information about calendar years, not months, and so we are unable to discern anything about what happened in 2014 itself.

***Identification of Allegedly Materially False Statement***.  You stated your belief that it was not Plaintiffs' job to sort through the record to identify all instances of allegedly materially false statements made by Microsoft.  You also confirmed that all such statements were made to Deb Decker.  You nonetheless agreed to get back to me whether you would supplement these responses.

***Documents Created/Transmitted/Received Related to the Prosecutions (RFPs 14 or 15)***.  You indicated that you have produced (or will soon produce) documents created or transmitted by the Craigs that relate to the state and/or federal cases.  You indicated that documents "received" in connection with those cases would include all documents returned to the Craigs by the FBI after the civil forfeiture action.  Again, to be clear, we do not want such documents.  We *do* want documents received in connection with those cases that were *not* part of the return of documents by the FBI (unless there are documents that were both received by the Craigs and then later received by the FBI—the former would fall within our request).  If this still does not provide sufficient clarity, please let me know and we can discuss again.

***Documents Concerning Plea***.  You indicated you have two bankers' boxes of documents that concern (at least in part) this request.  Please let us know when you intend to produce them.  You also indicated that you would consider our request for a privilege log.  I will consult with our client regarding your proposal that the log be narrowed to documents concerning the plea and get back to you.

***Communications with Bunch/Sims***.  You indicated there are no such documents.

***Revised RFPs***.  You indicated other than the ambiguity above ("received by"), none of the requests were ambiguous.

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Doran, Ambika
**Sent:** Friday, June 28, 2019 11:39 AM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>;

Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody
Glass <woody@wardglasslaw.com>
**Cc:** Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller,
Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** Microsoft/Craig PC - meet and confer issues

Barrett,

Zana is on vacation, and I'm writing to follow up on our efforts to meet and confer with plaintiffs
regarding their discovery responses.  As I understand it, here are the outstanding items that we are
hoping to address at this time (I am omitting the damages issues for the time being):

***Documents and Information Concerning Termination of School Contracts***.  As you know, we intend to
argue that Plaintiffs' tortious interference claims are barred by the applicable statute of limitations.  For
that reason, we propounded interrogatories and requests for production [RFPs 24, Interrogatories 7, 10]
aimed at discerning the end dates of the relationships with which Microsoft allegedly interfered.  We
have reviewed the Bates ranges you provided and have been unable to identify a single school district
that stopped doing business with Craig PC after February of 2014.  And yet Mr. Bunch and Craig Jr.
provided sworn declarations attesting to the contrary.  Please confirm whether there are any school
districts that stopped doing business with Craig PC on or after February 25, 2014, and if so, which
ones.  Please also confirm whether any school district substantially reduced their business with Craig PC
after February 25, 2014.  Alternatively, please answer the interrogatories as propounded—although
Rule 33(d) permits plaintiffs to refer to business records, that's only if "the burden of deriving or
ascertaining the answer will be substantially the same for either party."  Given that these are your
clients' business records and your clients' allegations, it is not "substantially the same" for Microsoft to
ascertain this on its own.

***Identification of Allegedly Materially False Statement***.  As Zana's email indicates, Interrogatories 13
and 17 to Craig PC asked your clients to identify the actions and false testimony it claims caused the
finding of probable cause in Grady County, as alleged in Paragraph 95 of the operative
complaint.  Interrogatory 12 and RFP 31 likewise request identification and supporting documents
"relating to any false statement by Microsoft that 'Plaintiffs' [sic] violated Microsoft's copyright in 2014
and 2015,' as alleged in Paragraph 153 of the FAC." Plaintiffs' responses are incomplete—consisting of
categories and "examples" of statements to Deb Decker.  Please provide a comprehensive  list of the
statements called for by the Interrogatories and RFP—as those statements are at the heart of this case.

***Documents Created/Transmitted/Received Related to the Prosecutions***.  I have read through the email
string below.  It's not clear to me that we are on the same page as to what we are asking for.  The
revised RFPs ask for documents created, transmitted, or received by you that relate to the state and/or
federal cases [RFPs 14 & 15].  They do *not* call for all records the FBI *seized* (as those documents were
not created, transmitted, or received by you).  Please confirm that you have produced all responsive
documents, and identify where in the production we may find them.

***Documents Concerning Plea***.  Item 5 in your April 23 email promises to provide "Peter Scimeca's
communications with third parties regarding the termination of the federal and/or state case," which
would be responsive to RFPs 24, 38, and 39.  You have not produced any such documents.  Please
confirm there are none, or supplement your production.

***Communications with Bunch/Sims***.  Your email exchange below indicates there are no draft
declarations for these witnesses.  However, we also asked for communications with them [RFPs 36 &
37].  Can you please confirm there are no such communications?

***Revised RFPs***.  Please confirm you have produced all documents responsive to the revised RFPs (with the understanding that, on their face, they do *not* ask for everything seized by the FBI).

We are concerned about upcoming deadlines would like to get these issues resolved as soon as we can.  Could you please respond no later than Wednesday of next week?  If that does not work, please let me know what does. We are hoping to bring any disputes to the Court's attention in mid-July.

If it would be easier to discuss by phone, please let me know.


Regards,
Ambika

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, May 28, 2019 1:59 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Zana,

You requested that we identify responsive bates numbers as to each interrogatory answered pursuant to Rule 33(d). That information is as follows:

Interrogatory No. 6 – see documents bates labeled Craig 1708-1741 and Craig 16567-16607.

Interrogatory No. 7 – see documents bates labeled Craig 1735-1741 and 16588-16607.

Interrogatory No. 8 – see documents bates labeled Craig 14843-15078, Craig 1708-1741, and Craig 16567-16607.

Interrogatory No. 9 – see documents bates labeled Craig 813-915, Craig 1708-1741 and Craig 16567-16607.

Interrogatory No. 10 – see documents bates labeled Craig 813-915; Craig 1708-1741; Craig 14704-15078; and Craig 16567-16607.

Interrogatory No. 11 – see documents bates labeled Craig 813-915; Craig 1708-1741; Craig 14704-15078; and Craig 16567-16607.

You also requested that we identify documents and/or categories of documents that Plaintiffs are withholding as to each request. I want to be very clear about this because I feel I've already answered it. In response to any request where Microsoft sought all documents related to the federal and/or state case, I believe that every document seized by the FBI may be responsive. However I think those requests were overly broad and irrelevant as I've previously explained. The FBI seized general business records including payroll records, HR records, time sheets of employees, all invoices, all service tickets, basically every business record in existence as of January 2011. We have withheld documents seized by the FBI that are unrelated to licensing, cloning, product keys, certificates of authenticity, academic discount pricing, and hard disk loading. This means we have withheld (1) payroll records, (2) HR records (garnishments, child support), (3) time cards of employees, (4) all invoices sent to customers by Craig PC, (5) all invoices received from all vendors by Craig PC (other than the licensing invoices that have been produced), (6) all service tickets, (7) insurance information, (8) credit card information, (9) building and property expenses (insurance, taxes, utilities), and (10) other general business records unrelated to the case.

Plaintiffs are not refusing to produce documents related to their damages. We have produced documents related to damages already, including tax returns, revenue records from 2010-2018, and invoices for attorney fees incurred in the underlying litigation. I have identified the type of damages Plaintiffs are seeking in the Rule 26 initial disclosures. I don't agree that Plaintiffs' position requires Microsoft to wait for the expert report to investigate the claim of damages. The only thing you don't have is the calculation. The underlying source documents that our expert will rely on have been produced.

I am reviewing the remainder of your email and the revised requests for production. I will have a response to the remaining items by this Friday as well as additional document production.

Barrett

---

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Tuesday, May 21, 2019 6:49 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

We have taken considerable time to go through the information Plaintiffs have produced to date and we still need clarity regarding/production of multiple items:

- Amended RFP/ROG responses specifically designating responsive bates numbers *as to each interrogatory answered pursuant to Rule 33(d),* any documents and/or categories of documents that Plaintiffs are withholding *as to each request*, and responses to Microsoft's revised RFPs, as set forth below.
- Identification of the source and type of damages Plaintiffs allege.  Microsoft is not obligated to wait for Plaintiffs' expert report to investigate Plaintiffs' claim of damages and Plaintiffs cannot rely on communications and/or documents allegedly supporting damages at trial that they

refuse to produce during the course of discovery.  Microsoft's ROG 8 to Craig Sr. and Craig II requested the identification of all "economic and non-economic damages."  Microsoft's RFP 30 to Craig PC also requested Plaintiffs: "[p]roduce all documents used, relied upon, consulted, or that support or disprove any category of damages you seek in this case, including any computation of damages in your initial disclosures (or any supplemental or revised initial disclosures)."  Microsoft's RFPs 19 and 22 to Craig PC and Microsoft's RFPs 11, 14, and 19 to Craig Sr. and Craig II further requested all documents supporting Plaintiffs' allegations of damages.  Plaintiffs' Initial Disclosures provided only limited information concerning Plaintiffs' damages allegations and do not specify which categories of damages Plaintiffs are seeking from Microsoft (as opposed to CDWG) or the sources of those damages (i.e. which specific school districts and/or private clients).

- Identification of every "material false representation[]" Plaintiffs claim was made by Microsoft.  Microsoft's ROG 17 to Craig PC requested Plaintiffs "[i]dentify the false testimony provided by Defendant Microsoft's employees" (including actor, date, time, and place of the event) that caused the finding of probable cause by the District Court of Grady County, as alleged in Paragraph 95 of the FAC."  Craig PC's response identifies *categories* of statements allegedly made by Microsoft (not actual statements) and object that Microsoft's request "is unduly burdensome because it requires Plaintiff to scour thousands of pages to find every example of Microsoft making the same false statements repeatedly."  Plaintiffs further identify limited statements allegedly made by Microsoft personnel to Deborah Decker.  If Plaintiffs intend to rely on alleged statements made by Microsoft personnel to anyone *other* than Deborah Decker, or statements not specifically identified in their discovery responses, these statements must be disclosed in discovery so that Microsoft has an opportunity to investigate the facts and circumstances surrounding the alleged statements and depose the alleged recipients and/or witnesses.

- Documents Plaintiffs have agreed to produce from Peter Scimeca concerning termination of the state and federal cases, including representations to the government and at the settlement conference.

- Documents responsive to Microsoft's revised RFPs, below.

Please supplement the above requests on or before May 28, 2019.  Please let me know if we need to have a phone call to discuss.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, April 23, 2019 12:09 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

[EXTERNAL]

Zana,

1. Under FRCP 34, the producing party is required to state whether or not any documents are being withheld based on objections. We objected to Requests for Production that asked us to produce all documents "related to" the underlying cases based on overbreadth. I interpreted these requests to encompass all documents seized by the FBI in the federal criminal investigation. The FBI seized general business records including payroll records, HR records, time sheets of employees, all invoices, all service tickets, basically every business record in existence as of January 2011. In this case, the Craigs searched all the documents seized by the FBI for documents that were responsive to Microsoft's requests, narrowed to search for documents related to licensing, cloning, product keys, certificates of authenticity, academic discount pricing, and hard disk loading. Defendants would not be entitled to discovery of every single business record in existence in January 2011; the FBI's seizure of *everything* does not serve to expand the scope of discovery in this case.

2. The Rule 33(d) references are as follows: Craig 813-915; Craig 1708-1741; Craig 14704-15078; and Craig 16567-16607 (these documents were inadvertently not produced; a copy is attached).

3. There are no drafts of the Sims or Bunch declarations.

4. We withheld only one document based on privilege; however, I have reviewed the document and determined it should not have been withheld because it was written by Scott Forbes, and we have not asserted any privilege with regard to communications involving Mr. Forbes. A copy of the document is attached as Craig 16608-16609.

5. We will produce Peter Scimeca's communications with third parties regarding the termination of the federal and/or state case. We are confirming with Mr. Scimeca what, if anything, he has that is in addition to what has already been produced.

6. Plaintiffs seek the damages outlined in their Initial Disclosures. As I previously indicated, we intend to present expert testimony calculating the economic damages that Plaintiffs seek.

I'm going to review the narrowed discovery requests and determine if we have any objections and, if not, what, if any, additional, responsive documents may exist.

Barrett

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Thursday, April 18, 2019 1:14 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

Following up here.  On or before April 23, 2019, please provide the responsive bates numbers to Microsoft's ROGs and revised Answers and Responses to Microsoft's RFPs and ROGs specifying:

- Documents and/or categories of documents that Plaintiffs are withholding;
- If Plaintiffs will produce documents from Peter Scimeca concerning termination of the state and federal cases, including representations to the government and at the settlement conference;
- Whether any drafts of the Sims and/or Bunch declarations and/or any communications with Sims and/or Bunch exists;
- Final invoices sent to Craig PC customers;
- Identification of the source and type of damages Plaintiffs will allege and ask their expert to calculate;
- Verification that no privileged documents exist.

Below are Microsoft's revised RFPs:

RFP 14 - Produce all documents and communications created, transmitted, or received by you during the investigation by federal authorities relating to the Federal Case, including all statements you provided to the Federal Government or federal employees.

RFP 15 - Produce all documents and communications created, transmitted (not including those materials seized by the State), or received by you during the investigation by state authorities relating to the State Case, including all statements you provided to the State of Oklahoma or state employees.

RFP 17 - Produce documents and communications sufficient to establish contract formation dates, dates of services, termination of services, services rendered, and invoice amounts paid for each of your alleged "valid business relationship and expectancy" with "private clients," as alleged in Paragraph 151 of the FAC.

RFP 18 - Produce all documents and communications evidencing and/or constituting Microsoft's "intentional interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153 of the FAC.

RFP 20 - Produce documents and communications sufficient to establish contract formation dates, dates of services, termination of services, services rendered, and invoice amounts paid for each of your alleged "valid business relationship and expectancy" with "school districts," as alleged in Paragraph 151 of the FAC.

RFP 24 – Produce all documents and communications relating to the termination of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts and/or "private clients."

RFP 25 - Produce all advertising and/or marketing documents or communications, descriptions of services, and/or descriptions of products transmitted by you to customers concerning your provision of Microsoft software or computer services, from January 1, 2006 to the present.

RFP 35 - Produce all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018, that relate to Microsoft, this Litigation, the Federal Case, the State Case.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Bugaighis, Zana
**Sent:** Tuesday, April 09, 2019 1:34 PM
**To:** 'Barrett Bowers' <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacnaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett,

Does 9:15 AM PST work for you?

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com
Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, April 09, 2019 1:28 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

**[EXTERNAL]**

I will be unavailable at that time. I am available in the morning at 9:00 (PST).

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Tuesday, April 09, 2019 3:26 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

PST.

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, April 09, 2019 1:23 PM
**To:** Bugaighis, Zana <ZanaBugaighis@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

**[EXTERNAL]**

Are you suggesting 1:00 p.m. CST or PST?

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Tuesday, April 09, 2019 2:14 PM
**To:** Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Barrett Bowers <Barrett@wardglasslaw.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett and Jonathan,

Please let me know if you are available for a meet and confer call tomorrow, Wednesday, April 9, 2019 at 1:00 PM.  Unfortunately, if we cannot move forward with discovery expeditiously, Microsoft will have to move to compel as detailed below and in Microsoft's attached letter.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Bugaighis, Zana
**Sent:** Monday, April 01, 2019 11:52 PM
**To:** Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie

<BonnieMacnaughton@dwt.com>; Barrett Bowers <Barrett@wardglasslaw.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <shemesley@wardglasslaw.com>; 'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>; Rhonda Stermer <rstermer@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva, Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com' <bnelon@hallestill.com>
**Subject:** RE: Microsoft Meet and Confer Letter re: Craig PC Discovery Responses

Barrett and Jonathan,

Please let me know when Plaintiffs plan to serve amended ROG and RFP responses and a privilege log in response to Microsoft's letter (attached).  For every interrogatory that Plaintiffs answered with reference to FRCP 33(d), please make sure that Plaintiffs supplement their answers with reference to particular bates numbers.  Please also ensure that Plaintiffs clearly state if they are withholding responsive information and/or documents on any basis.

In follow up from our meet and confer with Jonathan, Microsoft needs Plaintiffs' identification of damages information on or before April 7, 2019 so that we can pursue additional discovery prior to the discovery cut off.

Microsoft also continues to demand production of responsive information in response to RFPs 36 and 37, requesting "all documents [and] communications with [Kevin Sims and Todd Bunch] that relate to this Litigation, the Federal Case, the State case, or any of your claims or allegations in the FAC, including without limitation communications relating to the [Sims and Bunch] Declaration[s] (including any drafts of [those] declaration[s])." Plaintiffs contend that these requests "cover[] documents protected by the work-product privilege to the extent it seeks drafts" of the Sims and Bunch Declarations and cite Fed. R. Civ. P. 26(b)(3).  However, work product shelters the mental processes of the attorney and "does not protect the underlying facts contained in the documents from discovery." *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 626 (N.D. Okla. 2009).  "This is true even if those facts are attained due to the efforts of the attorney." *Id.* at 628. "The privilege derived from the work-product doctrine is not absolute," and may be waived.  *United States v. Nobles*, 422 U.S. 225, 239 (1975).  "Drafts of documents to be submitted to third parties, although prepared by counsel, are not generally privileged. Submission of the document to the third party removes any cloak of privilege." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 2555834, at *2 (D. Kan. June 13, 2017); *see also id.* at *7.  Plaintiffs have waived any protections for the requested documents and communications if shared with Sims and Bunch.

Please let me know if you are available for a call Thursday, April 4, 2019 at 11:00 AM PST to discuss.

Thank you,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Sent:** Friday, March 01, 2019 8:12 PM
**To:** Thomas C. Koessl <tkoessl@lowis-gellen.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Barrett Bowers <Barrett@wardglasslaw.com>; Evelyn Williams <Ewilliams@wardglasslaw.com>; Stephanie Hemesley <shemesley@wardglasslaw.com>;

'bret.burns@ymail.com' <bret.burns@ymail.com>; Jonathan Irwin <Jonathan@wardglasslaw.com>;
Rhonda Stermer <rstermer@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Silva,
Aimee <AimeeSilva@dwt.com>; Miller, Anita <AnitaMiller@dwt.com>; 'bnelon@hallestill.com'
<bnelon@hallestill.com>; Bugaighis, Zana <ZanaBugaighis@dwt.com>
**Subject:** Microsoft Meet and Confer Letter re: Craig PC Discovery Responses


Barrett,


Please see the attached correspondence.


Thanks,
Zana


**Zana Bugaighis** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.
.

**EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG PC SALES & SERVICE, LLC, an Oklahoma domestic limited liability Company; RAY T. CRAIG, SR., and RAY T. CRAIG, II, | |
| **Plaintiffs,** | |
| v. | Case No. CIV–17–3–W |
| 1. CDW GOVERNMENT, LLC, an Illinois limited liability company; | |
| 2. MICROSOFT CORPORATION, | |
| **Defendants.** | |

## PLAINTIFF CRAIG P.C.'S RESPONSE TO MICROSOFT'S AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff Craig PC Sales & Service, LLC, and submits the following Response to Defendant Microsoft Corporation's Amended Requests for Production of Documents.

## AMENDED REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 14:** Produce all documents and communications created, transmitted, or received by you during the investigation by federal authorities relating to the Federal Case, including all statements you provided to the Federal Government or federal employees.

**RESPONSE:** Objection. This Request plainly seeks documents that are protected by the attorney-client and/or work-product privileges because it requests all documents and

1

communications created, transmitted, or received by Plaintiff, which includes communications with Plaintiffs' legal counsel. The Request is also overly broad because the volume of discovery in the underlying matters was extensive and included many irrelevant documents. Plaintiff has produced all bates-stamped documents received and produced in discovery in the underlying Federal Case. Defendant Microsoft can obtain copies of the pleadings through PACER or another docket service. Plaintiff has also located the audio recording of the Judicial Settlement Conference in the Federal Case. A copy of the audio recording is enclosed herein in 5 separate parts.

**REQUEST FOR PRODUCTION 15:** Produce all documents and communications created, transmitted (not including those materials seized by the State), or received by you during the investigation by state authorities relating to the State Case, including all statements you provided to the State of Oklahoma or state employees.

**RESPONSE:** Objection. This Request plainly seeks documents that are protected by the attorney-client and/or work-product privileges because it requests all documents and communications created, transmitted, or received by Plaintiff, including communications with Plaintiffs' legal counsel. Plaintiff has previously produced responsive documents.

**REQUEST FOR PRODUCTION 17:** Produce documents and communications sufficient to establish contract formation dates, dates of services, termination of services, services rendered, and invoice amounts paid for each of your alleged "valid business

relationship and expectancy" with "private clients," as alleged in Paragraph 151 of the FAC.

**RESPONSE:** Responsive documents have previously been produced. <u>See</u> documents bates-labeled Craig 813-915, Craig 1708-1741 and Craig 16567-16607.

**REQUEST FOR PRODUCTION 18:** Produce all documents and communications evidencing and/or constituting Microsoft's "intentional interference with any valid business relationship or expectancy" with any "private clients," as alleged in Paragraph 153 of the FAC.

**RESPONSE:** Responsive documents have been produced.

**REQUEST FOR PRODUCTION 20:** Produce documents and communications sufficient to establish contract formation dates, dates of services, termination of services, services rendered, and invoice amounts paid for each of your alleged "valid business relationship and expectancy" with "school districts," as alleged in Paragraph 151 of the FAC.

**RESPONSE:** Responsive documents have previously been produced. <u>See</u> documents bates-labeled Craig 813-915, Craig 1708-1741 and Craig 16567-16607.

**REQUEST FOR PRODUCTION 24:** Produce all documents and communications relating to the termination of any business relationship, expectancy, or prospective economic advantage with the thirty-seven school districts and/or "private clients."

**RESPONSE:** Responsive documents have been produced. Plaintiff is currently searching for any responsive communications and will produce any non-privileged documents if located.

**REQUEST FOR PRODUCTION 25:** Produce all advertising and/or marketing documents or communications, descriptions of services, and/or descriptions of products transmitted by you to customers concerning your provision of Microsoft software or computer services, from January 1, 2006 to the present.

**RESPONSE:** Objection. This Request seeks documents that are irrelevant to the parties' claims and/or defenses because it requests all advertising and/or marketing documents or communications, descriptions of services, and/or descriptions of products transmitted by Plaintiff to customers concerning the provision of Microsoft software or computer services, from January 1, 2006 to the present. This Request will encompass documents about unrelated services that have no bearing on the claims or defenses in this lawsuit. Subject to and without waiving this objection, Plaintiff is conducting a search for any advertising and/or marketing documents or communications that relates to Microsoft licensing and/or educational discounts, and will produce any responsive documents.

**REQUEST FOR PRODUCTION 35:** Produce all communications after January 1, 2006, you have had with any person identified in Section A of your Initial Disclosures dated November 29, 2018, that relate to Microsoft, this Litigation, the Federal Case, the State Case.

4

**RESPONSE:** Objection. This Request plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privilege as Peter Scimeca is identified in Section A of Plaintiffs' Initial Disclosures. This Request is also overly broad because it requests all communications that "relate to Microsoft" from January 1, 2006 to the present. Subject to and without waiving these objections, Plaintiff is conducting a search for any non-privileged communications with any person identified in Section A of Plaintiffs' Initial Disclosures that relate to the material allegations in this Litigation, the Federal Case, and the State Case, and will produce any non-privileged documents.

WARD & GLASS, LLP

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Barrett T. Bowers, OBA #30493
Jonathan M. Irwin, OBA#32636
1601 36th Ave., Suite 100
Norman, OK  73072
(405) 360-9700 Telephone
(405) 360-7902 Fax
barrett@wardglasslaw.com

and

Bret Burns
Burns Law Office
519 W Chickasha Ave.
Chickasha, OK 73018
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF MAILING

This is to certify that on May 31, 2019, a true and correct copy of the foregoing instrument was mailed via USPS, postage pre-paid, to the following counsel of record:

Ronald T. Shinn, Jr.
McAfee & Taft
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK  73102
Email: ron.shinn@mcafeetaft.com

-and-

William S. Leach
McAfee & Taft
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK  74103
Email: bill.leach@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT
CDW GOVERNMENT, LLC**

Robert D. Nelson, OBA# 6610
Lindsay N. Kistler, OBA# 32814
100 North Broadway
Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
lkistler@hallestill.com

-and-

Bonnie E. MacNaughton, WSB# 36110,
Ambika K. Doran, WSB# 38237, &
James H. Wendell, WSB# 46489
Respectfully admitted Pro Hac Vice
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: bonniemacnaughton@dwt.com
ambikadoran@dwt.com
jamiewendell@dwt.com
**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

Barrett T. Bowers

**EXHIBIT H**

| | |
|---|---|
| **From:** | Doran, Ambika |
| **Sent:** | Monday, August 19, 2019 5:11 PM |
| **To:** | Barrett Bowers; MacNaughton, Bonnie; Kalinowski, Caesar; Thomas C. Koessl; Shinn, Ron; Woody Glass; 'Bret.Burns@ymail.com' |
| **Cc:** | Evelyn Williams |
| **Subject:** | RE: Craig PC et al. v. Microsoft et al. |

Thanks, Barrett.  Can you please advise as to status?

I'll separately send you an email on one other outstanding issue.

Regards,
Ambika

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Thursday, August 15, 2019 2:27 PM
**To:** Doran, Ambika <AmbikaDoran@dwt.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; Shinn, Ron <Ron.Shinn@mcafeetaft.com>; Woody Glass <woody@wardglasslaw.com>; 'Bret.Burns@ymail.com' <Bret.Burns@ymail.com>
**Cc:** Evelyn Williams <Ewilliams@wardglasslaw.com>
**Subject:** RE: Craig PC et al. v. Microsoft et al.

Yes, I did. We will be meeting again tomorrow to obtain some more information necessary to finalize our supplemental answer and production.

Barrett

**From:** Doran, Ambika <AmbikaDoran@dwt.com>
**Sent:** Tuesday, August 13, 2019 11:40 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; Shinn, Ron <Ron.Shinn@mcafeetaft.com>; Woody Glass <woody@wardglasslaw.com>; 'Bret.Burns@ymail.com' <Bret.Burns@ymail.com>
**Cc:** Evelyn Williams <Ewilliams@wardglasslaw.com>
**Subject:** RE: Craig PC et al. v. Microsoft et al.

Barrett: Were you able to meet with your clients last week? When can we expect a supplemental production and answers to the questions in my email?

Thanks,
Ambika

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Tuesday, August 06, 2019 2:25 PM
**To:** Doran, Ambika <AmbikaDoran@dwt.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>; Kalinowski, Caesar <CaesarKalinowski@dwt.com>; Thomas C. Koessl <tkoessl@lowis-gellen.com>; Shinn, Ron <Ron.Shinn@mcafeetaft.com>; Woody Glass <woody@wardglasslaw.com>; 'Bret.Burns@ymail.com' <Bret.Burns@ymail.com>
**Cc:** Evelyn Williams <Ewilliams@wardglasslaw.com>
**Subject:** Craig PC et al. v. Microsoft et al.

Counsel,

I have still not received any written discovery responses or document production from CDWG. The discovery requests were served on May 9. The responses are now long overdue. When will the responses and document production be provided?

There is also apparently a problem opening Microsoft's document production. I am not clear on what the problem is but we have been unable to access the documents. Were the documents sent as pdf's? It may be best if you can re-send the documents on CD's.

I had intended to provide supplemental responses and document production today, but I can't do that because of unexpected scheduling issues that prevented me from meeting with my client last week. I have a new meeting scheduled with them this week. I also want to review Microsoft's document production prior to answering Ambika's questions set out in her July 16 email; I am still waiting to do that but have been unable thus far. Hopefully that access issue can be resolved shortly.

Barrett


Barrett T. Bowers
Attorney at Law

Ward & Glass, LLP
1601 36th Ave. NW, Suite 100
Norman, OK 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902

**EXHIBIT I**

| | |
|---|---|
| **From:** | Doran, Ambika |
| **Sent:** | Wednesday, September 04, 2019 12:33 PM |
| **To:** | Barrett Bowers |
| **Cc:** | MacNaughton, Bonnie; Li, Xiang; Smith, Lesley; Kalinowski, Caesar; 'bnelon@hallestill.com' |
| **Subject:** | RE: Craig PC et al. v. Microsoft et al. |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Barrett,

As you know, we have been meeting and conferring for more than five months.  Given the upcoming conference with the court, we don't' think we can wait any longer to file a motion to compel.

I am listing the items that are outstanding below.  With respect to the first three categories, please supplement your responses and production no later than September 9.  With respect to the last category, please let us know the particulars of your privilege claim.  If are unable to resolve our disputes by Monday, we will prepare a motion to compel.

Regards,
Ambika

1. ***Documents and Information Concerning Termination of School Contracts [RFPs 24, Rogs 7, 10]***.  On July 16, you agreed to identify the school districts that either stopped or substantially reduced their business with Craig PC after the state filed charges in 2014.  To be clear, the operative date is February 24, 2014.

2. ***Identification of Allegedly Materially False Statements (Rogs 12, 13, 17, RFP 31]***.  You indicated you did not intend to supplement your response to Interrogatory 12.  In response, also on July 16, I asked several follow up questions to which you have not responded, as follows:

    a. *Rog 12*.  Identify each and every false statement you claim was made by Microsoft, or any representative thereof, including the speaker, each person who was present for the statement, the date, the time, and the place.  Paragraph 1 of your response identifies an "overarching false statement" with six subcategories, followed by examples.  Can you please confirm that the first paragraph contains all of the statements you claim are materially false? In other words, am I correct that these are all the allegedly false statements, but that you claim they were repeated, and it is too burdensome for you to identify every instance of repetition?  Or is it your position that paragraph 1 of your response does not comprehensively identify the allegedly false statements?

    b. Identify each and every action by Microsoft (including actor, date, time, and place of the event) you claim "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II."  In response, you identified a statement by Agent Decker in the preliminary hearing that the FBI "was contacted by Microsoft which had received some complaints about their software being pirated and they had began their own investigation."  You then say that Microsoft's records "demonstrate the specifics of who  made the complaint, when the complaint was made, and how the complaint was made."  In this last sentence, what does "complaint" refer to—is it the communication by Microsoft to Agent Decker, or is it the complaints that Microsoft told the FBI it had received?  We are presuming the former, as the question asks about actions by Microsoft (not third parties who complained to Microsoft).  Assuming that is correct, is it your position that there are other

statements by Microsoft that are not listed in this response, or is it your position that this is one statement that was repeated and a request for each instance is overbroad?

    c.   *Rog 17*.  This asks for the "false testimony provided by Defendant Microsoft's employees."  Your response refers to Rog 12.  Can you please identify which part of Rog 12 is responsive to Rog 17?

    d.   *RFP 31*.  This seeks documents "relating to any false statement that 'Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015."  I don't think we have a dispute over this one, as your response appears to indicate you would provide all responsive documents.  Am I correct?

**3.**   ***Documents concerning the plea agreement***.  You and Bonnie exchanged emails on July 3, in which you  committed to produce documents by July 19.

**4.**   ***Subpoenas to Scimeca, Coyle, Ford.***   On July 3, you indicated that these individuals and your clients object to the subpoenas.  Bonnie responded asking for information on whatever joint defense agreement was in place.  After receiving no response, I again asked August 19.

**Ambika Kumar Doran** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikadoran@dwt.com | Bio: www.dwt.com/people/ambikakumardoran/

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Barrett Bowers <Barrett@wardglasslaw.com>
**Sent:** Friday, August 23, 2019 11:48 AM
**To:** Doran, Ambika <AmbikaDoran@dwt.com>; MacNaughton, Bonnie <BonnieMacNaughton@dwt.com>
**Subject:** Craig PC et al. v. Microsoft et al.

Ambika, I am not ignoring your emails, I am just waiting to get a final meeting set up with my clients to finalize the supplemental responses. We were supposed to meet Friday last week, then it was cancelled at the last minute. The same thing happened today. I have a meeting set up for next week so I plan to have the supplemental responses and document production by next Friday.

Barrett

**EXHIBIT J**



Stanley M. Ward        R. Ben Houston
Woodrow K. Glass       Jonathan M. Irwin    Bryan B. Young
Brent L. Neighbors     Geoffrey A. Tabor    (1969-2017)
Barrett T. Bowers      Tanner B. France

barrett@wardglasslaw.com

September 9, 2019

Bonnie E. MacNaughton: BonnieMacNaughton@dwt.com
Ambika Doran: AmbikaDoran@dwt.com
Zana Bugaighis: ZanaBugaighis@dwt.com
James H Wendell: JamieWendell@dwt.com
Caesar D Kalinowski: CaesarKalinowski@dwt.com
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104

-and-

Robert D Nelon: bnelon@hallestill.com
Lindsay N Kistler: lkistler@hallestill.com
Hall Estill
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Counsel for Microsoft

> Re:   Craig PC et al. v. Microsoft et al.
>        United States District Court for the Western District of Oklahoma

Counsel,

Enclosed with this letter is Plaintiff Craig PC's Supplemental Response to Defendant Microsoft's Interrogatory No. 10. I will also be making Plaintiffs' supplemental document production tomorrow morning. These documents contain pleadings filed in the federal civil forfeiture action and the state criminal trial as well as communications involving Peter Scimeca, Jacquie Ford, JW Coyle and the USDOJ, the Oklahoma AG's

1601 36th Ave. NW      Norman, Oklahoma 73072    Office:  405.360.9700      Fax:  405.360.7902
www.wardglasslaw.com

Office, Traveler's Insurance (carrier for CDWG), and Davis Wright Tremain. There are over 600 pages of additional documents.

In your July 29, 2019 email, you posed four questions to me regarding my clients' discovery responses. I address each question in turn below.

1. ***Rog 12.*** Identify each and every false statement you claim was made by Microsoft, or any representative thereof, including the speaker, each person who was present for the statement, the date, the time, and the place. Paragraph 1 of your response identifies an "overarching false statement" with six subcategories, followed by examples. Can you please confirm that the first paragraph contains all of the statements you claim are materially false? In other words, am I correct that these are all the allegedly false statements, but that you claim they were repeated, and it is too burdensome for you to identify every instance of repetition? Or is it your position that paragraph 1 of your response does not comprehensively identify the allegedly false statements?"

   a. Currently, discovery is ongoing. My clients cannot state that the false statements identified in the response to Interrogatory No. 12 are all of the materially false statements. Those are the materially false statements that my clients have identified as of this date. There are not any other materially false statements that we know of that have not been disclosed.

2. ***Rog 13***: Identify each and every action by Microsoft (including actor, date, time, and place of the event) you claim "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II." In response, you identified a statement by Agent Decker in the preliminary hearing that the FBI "was contacted by Microsoft which had received some complaints about their software being pirated and they had began their own investigation." You then say that Microsoft's records "demonstrate the specifics of who made the complaint, when the complaint was made, and how the complaint was made." In this last sentence, what does "complaint" refer to—is it the communication by Microsoft to Agent Decker, or is it the complaints that Microsoft told the FBI it had received? We are presuming the former, as the question asks about actions by Microsoft (not third parties who complained to Microsoft). Assuming that is correct, is it your position that there are other statements by Microsoft that are not listed in this response, or is it your position that this is one statement that was repeated and a request for each instance is overbroad?"

2

a. In the last sentence, the word "complaint" refers to Microsoft's complaints to the FBI and/or the Oklahoma Attorney General's Office. Discovery is ongoing. My clients cannot identify every action that Microsoft took to cause a federal criminal investigation or state charges until we receive appropriate discovery from Microsoft.

3. **"Rog 17.** This asks for the "false testimony provided by Defendant Microsoft's employees." Your response refers to Rog 12. Can you please identify which part of Rog 12 is responsive to Rog 17?"

a. Interrogatory No. 12 identifies the overarching false statements that Plaintiffs contend were made by Microsoft. Those statements were repeated during the preliminary hearing.

4. **"RFP 31.** This seeks documents "relating to any false statement that 'Plaintiffs' [sic] violated Microsoft's copyright in 2014 and 2015." I don't think we have a dispute over this one, as your response appears to indicate you would provide all responsive documents. Am I correct?"

a. The Response to Request for Production No. 31 states as follows: "Objection. This Request is overly broad on its face because it uses an omnibus term with respect to a general category or group of documents. This Request also plainly seeks documentation and communications that are protected by the attorney-client and/or work-product privileges. Subject to and without waiving this objection, responsive documentation will be produced." I have not withheld any responsive documents, except communications protected by the attorney-client and/or work-product privileges.

In addition to these issues, I have reviewed Microsoft's discovery responses. At this time, I need to address the following issues:

1. Microsoft's "Timeline for Production" states that Microsoft "will produce responsive documents on a rolling basis." Have all responsive documents been produced?

2. Microsoft's response to Interrogatory No. 1 does not identify the "in-house legal personnel at Microsoft" who responded to or assisted in the response to Plaintiff Craig PC's First Set of Interrogatories. Please identify the name and job title of each such person.

3

3.    Microsoft's response to Interrogatory Nos. 5 and 6 do not make appropriate use of Federal Rule of Civil Procedure 33(d). The Interrogatories do not identify documents "in sufficient detail to enable [Plaintiffs] to locate and identify" the records. *See* Fed. R. Civ. P. 33(d). In *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976), the Tenth Circuit held that the "party served must specify the records and cannot merely indicate that the information sought may or may not be found in the records made available." *Id.* at 226. Please identify the responsive records in "sufficient detail" as required by Rule 33(d). Additionally, please state whether or not Microsoft has withheld information or documents based on the attorney-client or work-product privileges.

4.    Microsoft's responses to Interrogatory Nos. 9, 10, 11, 12, and 13, and Requests for Production No. 15 and 16, are deficient. The confusion generated by Microsoft's licensing rules, and Microsoft's knowledge of that confusion, is plainly relevant. It is difficult to conceive of any topic that would be *more* relevant to this litigation than Microsoft's knowledge about the confusion caused by its license terms. The distinction between "customers" and "vendors" is not meaningful in the context of relevancy.

5.    Microsoft's response to Interrogatory No. 14 is deficient. It is inappropriate to "invite" the Plaintiffs to explain the relevancy of questions that are, on their face, obviously relevant. This appears to be a mere stalling and delay tactic. Please supplement the response.

6.    Microsoft's response to Interrogatory No. 15 is unclear. Have any of the documents summarizing the relevant communications been produced? Please identify the responsive documents per Rule 33(d). Furthermore, has Microsoft withheld any documents on the basis of some asserted privilege? If so, I will need to see a privilege log. I will challenge any assertion of privilege related to communications between Microsoft and third-party CDWG.

7.    Microsoft's response to Interrogatory Nos. 20 and 24 do not appropriately identify the individuals who were involved in the investigation into the Plaintiffs. Plaintiffs' First Set of Interrogatories define the word "Identify" to require identification of last-known contact information, including address and phone number. Please provide that information for the individuals identified in response to Interrogatory Nos. 20 and 24.

4

8.   Pursuant to Rule 33(d), please identify the documents referenced in the response to Interrogatory No. 25 with sufficient detail so that I can locate them as easily as Microsoft.

9.   Microsoft's objection to Interrogatories 26 and 27 is unreasonable. These two additional interrogatories are not overly burdensome to answer. This is a case where Plaintiffs have suffered significant damages and, moreover, there are two additional plaintiffs who can serve up to 25 interrogatories each. Given these circumstances, I believe Judge Wyrick would authorize Plaintiff Craig PC to have two additional interrogatories.

10.  Request for Production No. 1 – Plaintiffs limit the request to any policy, procedure, manual, guideline, internal web pages, emails, or other similar documents that relate to selling Microsoft volume licenses from 2008 to the present. This broad time frame is necessary given that Plaintiff Craig PC's business activities in 2008 were the subject of the underlying investigations and prosecution.

11.  Request for Production No. 8 – Microsoft's response is much narrower than the request. If Microsoft has obtained any affidavits, declarations, or sworn or unsworn statements relating to any claim or defense in this case, such documents should be produced as well as "documents concerning [Microsoft's] assistance to federal and state law enforcement."

12.  Request for Production No. 11 – what objections does Microsoft have to this request? The response indicates that there may be objections but there are none stated.

13.  Request for Production No. 12 – have any responsive documents been withheld on the basis of privilege? As stated earlier, I will challenge any assertion of privilege for communications between Microsoft and CDWG.

14.  Request for Production No. 14 – please supplement with all documents received via subpoena from the school districts.

15.  Request for Production No. 20 – please provide a privilege log if any documents were withheld on the basis of privilege.

16.   Request for Production No. 21– what objections does Microsoft have to this request? The response indicates that there may be objections but there are none stated.

I look forward to resolving these concerns with you. Please let me know your response to these issues and we can then set up a telephone conference to discuss.

Sincerely yours,

Barrett T. Bowers
Attorney at Law

cc:   Clients
      Co-counsel
      Counsel for CDWG

**EXHIBIT K**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CRAIG PC SALES & SERVICE, LLC,
an Oklahoma domestic limited liability
Company; RAY T. CRAIG, SR., and
RAY T. CRAIG, II,

   **Plaintiffs,**

v.

           Case No. CIV–17–3–W

1. CDW GOVERNMENT, LLC, an
Illinois limited liability company;

2. MICROSOFT CORPORATION,

   **Defendants.**

**PLAINTIFF CRAIG P.C. SALES AND SERVICE, LLC'S SUPPLEMENTAL
RESPONSE TO DEFENDANT MICROSOFT'S INTERROGATORY NO. 10**

   Plaintiff Craig P.C. Sales and Service, LLC submits the following Supplemental

Response to Defendant Microsoft's Interrogatory No. 10.

**SUPPLEMENTAL RESPONSE**

   **INTERROGATORY NO. 10:** Of the "school districts" identified in your

answer to Interrogatory No. 9, identify each school district you transacted business with

after February 25, 2014.

   **SUPPLEMENTAL RESPONSE:** Plaintiff agreed to supplement its answer to this

Interrogatory by specifying the school districts that Plaintiffs contend it lost business with

following the initiation of criminal charges in 2014. Plaintiffs Craig PC, Ray Craig, Sr.,

and Ray Craig, II, contend that they lost business from the following school districts after

1

the State of Oklahoma initiated criminal charges against Ray Craig, Sr. and Ray Craig, II, in November 2014:

| Anadarko | Hydro-Eakley | Robin Hill |
|---|---|---|
| Braman | Newkirk | Sterling |
| Gracemont | Mulhall-Orlando | Thackerville |
| Byars | Peckham | Timberlake |
| Cement | Purcell | Washington |
| Copan | Ringwood | Boone-Apache |
| Darlington | Ripley | Lindsay |
| Erick | Riverside | Union City |
| Geary | Mountain View-Gotebo | |

Plaintiff reserves the right to supplement this list with additional school districts depending on further information that is learned during discovery, which is still ongoing at this time.

Dated this 9th day of September, 2019.

WARD & GLASS, LLP

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Barrett T. Bowers, OBA #30493
Jonathan M. Irwin, OBA#32636
1601 36th Ave., Suite 100
Norman, OK  73072
(405) 360-9700 Telephone
(405) 360-7902 Fax
barrett@wardglasslaw.com

and

Bret Burns
Burns Law Office

2

519 W Chickasha Ave.
Chickasha, OK 73018
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF MAILING

      This is to certify that on September 9, 2019, a true and correct copy of the foregoing instrument was mailed via USPS, postage pre-paid, to the following counsel of record:

Ronald T. Shinn, Jr.
McAfee & Taft
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK  73102
Email: ron.shinn@mcafeetaft.com

-and-

William S. Leach
McAfee & Taft
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK  74103
Email: bill.leach@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT
CDW GOVERNMENT, LLC**

Robert D. Nelson, OBA# 6610
Lindsay N. Kistler, OBA# 32814
100 North Broadway
Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
lkistler@hallestill.com

-and-

Bonnie E. MacNaughton, WSB# 36110,
Ambika K. Doran, WSB# 38237, &
James H. Wendell, WSB# 46489
Respectfully admitted Pro Hac Vice
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: bonniemacnaughton@dwt.com
ambikadoran@dwt.com
jamiewendell@dwt.com
**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

Barrett T. Bowers

**EXHIBIT L**



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Ambika K. Doran**
(206) 757-8030 tel
(206) 757-7030  fax

ambikadoran@dwt.com

September 19, 2019

**<u>Via Electronic Mail</u>**

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Jonathan M. Irwin
Ward & Glass LLP
1601 36th Ave., Suite 100
Norman, OK 73072
barrett@wardglasslaw.com

Re:   *Craig PC Sales & Service LLC et al. v. CDW Government LLC et al.*, No. 5:17-cv00003-
      PRW

Dear Barrett:

This letter responds to your September 9, 2019, letter concerning discovery.

With respect to Craig PC's productions, here are the remaining issues.

***Documents and Information Concerning Alleged Tortious Interference***: Craig PC has alleged
a claim for tortious interference, and more specifically, for interference with "a valid business
relationship and expectancy with various school districts and private clients."  FAC ¶ 151.
Microsoft is entitled to know the basis for that claim.  To that end, Interrogatories 6-11 ask Craig
PC to identify each school district or private client with which it had a "valid business
relationship and expectancy"; identify each such district or private client with which Craig PC
did business after February 25, 2014; and for each, to identify the date the relationship began,
any contracts, and the date and amount of all purchases.  RFPs 17-22 ask for documents
evidencing each relationship or expectancy, the alleged interference, and the alleged damages.

The responses to these requests are insufficient, and Microsoft has almost no information
concerning the relationships or expectancies you claim it disrupted.  Although we had hoped to
resolve this by negotiating a complete response to Interrogatory 9, that has not happened.  First,
your supplemental response identifies only the school districts with which Microsoft allegedly
interfered after "November 2014."  The relevant time frame, and the time frame requested by

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4828-0797-2005v.2 0025936-002654

September 19, 2019
Page 2

Microsoft, is after February 25, 2014.  Further, the documents to which you have referred as responsive to Interrogatory 9 (i.e., Craig 813-915, Craig 1708-1741, and Craig 16567-16607) do not support your claims of lost business.  As examples, all of the following school districts appear to have stopped doing business with Craig PC *before* 2014: Anadarko (2010), Braman (2012), Byars (2011), Cement (2010), Copan (2011), Darlington (2011), Erick (2013), Geary (2012), Hydro-Eakley (2011), Newkirk (2011), Mountain View-Gotebo (2012), Mulhall-Orlando (2010), Peckham (2011), Purcell (2013), Ringwood (2012), Ripley (2013), Robin Hill (2011), Sterling (2013), Thackerville (2010), Timberlake (2011), and Washington (2011).

We are willing to make one last attempt at getting the information we need to defend against the tortious interference claim.  Please provide written responses (rather than just references to documents) to Interrogatories 6, 7, 8, 10, and 11.  Please confirm the accuracy of your answer to Interrogatory 9—and, assuming it is accurate, please point us to the documents to support the answer, as sought by RFP 20.  Please also point us to the documents to support your answers to Interrogatories 6, 7, 8, 10, and 11, as requested by RFP 17-19, 21, and 22.  Although those RFPs seek "all documents," we are willing to limit them to "documents sufficient to show."

**If we do not receive a complete response to these requests by September 26, 2019, we will file a motion to compel.**

*Rog 12*: Thank you for your clarification.  Your letter states that "[t]here are not any other materially false statements that we know of that have not been disclosed."  Please confirm that you mean there are no such statements other than those disclosed in response to Interrogatory 12 (as opposed to those disclosed elsewhere).  In addition, I understand that you object to identifying each speaker, the individuals present, the date, the time, and the place, for which the interrogatory asks, because it is your position that doing so would be burdensome.  In other words, put together, you have identified all the materially false statements of which you are aware, but will not identify the circumstances (time, place, etc.) when they were made.  If we are wrong, please let me know so we can accurately represent your position to the Court.

*Rog 13*:  In my July 16, 2019, email, I asked you to clarify whether there are additional Microsoft actions or statements not listed in Plaintiffs' written response that allegedly "caused a federal criminal investigation and state criminal action to be brought against Plaintiffs Craig PC and Craig, II."  Your letter states that Plaintiffs "cannot identify every action that Microsoft took" until you "receive appropriate discovery from Microsoft." Please confirm that you have identified in response to this interrogatory all such actions and statements of which you are aware as of this date.

*Subpoenas to Scimeca, Coyle, and Ford*:  On July 3, you indicated that these individuals and your clients object to the subpoenas.  Bonnie responded asking for information on whatever joint defense agreement was in place.  After receiving no response, I again asked August 19.  Your

September 19, 2019
Page 3

latest reply does not address this question.  By no later than September 26, please confirm whether a joint defense agreement was in place and the terms of any joint defense agreement.  We also intend to contact these individuals directly.

With respect to your concerns about Microsoft's discovery responses, here are our responses:

***Microsoft's Production.***  As Microsoft indicated in its written responses, Microsoft will produce responsive documents on a rolling basis.  Microsoft's production remains ongoing, although we anticipate completing our production in the beginning of November.  If that changes, we will certainly let you know.

***Rog 1.***  Please explain why the identity of the Microsoft legal personnel who assisted with the interrogatory responses is relevant.  Although we propounded a similar interrogatory (Interrogatory 2), we excluded from its scope attorneys.

***Rog 5, 6.***  Microsoft will supplement its response to these interrogatories to identify the Bates numbers for the documents Microsoft agreed to provide.  Of these documents, there are no documents withheld on privilege or work product grounds.

***Rogs 9-13.***  These relate to a document produced as Craig 1459-61, which is a set of frequently asked questions created to educate customers about volume licenses.  As our response explains, this document was not created for software vendors such as Craig PC.  This lawsuit concerns Craig PC's knowledge concerning Microsoft's licensing practices, so the only conceivably relevant information published by Microsoft would be directed to vendors.  Although you claim that Microsoft's knowledge of "confusion generated by Microsoft's licensing rules" is relevant, this ignores that the confusion identified in the document you reference was on the part of customers, not vendors, whom Microsoft expects to be far more knowledgeable.  Please explain why the "distinction between 'customers' and 'vendors' is not meaningful in the context of relevancy."

***Rog 14.***  Your accusation that we did not provide a substantive response in order to cause delay is not well taken, particularly given the delay on your part in responding to Microsoft's repeated requests for discovery.  Further, it is unproductive to claim that the question is "on [its] face, obviously relevant."  Again, please explain why you believe this information is relevant.  We do not see a basis for relevance but are keeping an open mind.

***Rog 15, RFP 12.***  With respect to communications between Microsoft and CDWG made in anticipation of litigation, Microsoft will not produce them, as those communications are subject to a common interest privilege.  If your position is that there is no such privilege at all, we should put that issue before the Court.  If your position is that the privilege applies to some, but not all, communications, we will provide a log.

September 19, 2019
Page 4

***Rogs 20, 24.***  Microsoft will supplement its responses to provide the last-known address and phone number, if any, for each of the individuals identified.

***Rog 25.***  Microsoft will supplement its response to Interrogatory No. 25 to identify the Bates numbers for responsive documents, if any.

***Rog 33.***  Federal Rule of Civil Procedure 33 limits a party to serve no more than 25 written interrogatories on any other party.  Absent leave from the court, Microsoft is not obligated to respond to Interrogatory Nos. 26 and 27 from Craig PC.  To avoid further back and forth, however, Microsoft is willing to treat those interrogatories as if they were propounded by Plaintiff Craig Sr., and will respond to them no later than October 11, 2019.

***RFP 1***: We appreciate Plaintiffs' attempt to narrow this request.  However, taken literally, this request covers any document that touches on volume licensing sales over the span of 11 years.  Microsoft is willing to conduct a reasonable search for documents sufficient to evidence its guidance to distributors and resellers regarding the terms of Windows volume licensing between 2008 and 2010.  Please let us know if you will agree to that narrowed scope.

***RFP 8***.  Microsoft has not obtained any "affidavits, declarations, or sworn or unsworn statements relating to any claim or defense in this case" in addition to what Microsoft has agreed to produce from its "assistance to federal and state law enforcement."

***RFP 11, 21***:  Microsoft reiterated its General Objections in its response to RFP No. 11 and 21.  Those Objections are set forth at pages 1-4.

***RFP 14***:  These documents were produced on September 16, under Bates range:

AJB_00000001 - APS_00000047
APS_00000001 - APS_00000047
BAPS_00000001 - BAPS_00000315
BOS_00000001 - BOS_00000324
CHS_00000001 - CHS_00000008
CKTC_00000001 - CKTC_00000519
CNPS_00000001 - CNPS_00000003
CPS_00000001 - CPS_00000092
CYPS_00000001 - CYPS_00000301
DERRYBERRY_00000001
EPS_00000001 - EPS_00000020
FPS_00000001
GPS_00000001 - GPS_00000021
HEPS_00000001 - HEPS_00000191

September 19, 2019
Page 5

HPS_00000001 - HPS_00000996
KMASON_00000001
LPS_00000001 - LPS_00000112.001
MPS_00000001 - MPS_00000074
MSD_00000001 - MSD_00000002.004
MVGS_00000001 - MVGS_00000115
MVPS_00000001 - MVPS_00000061.047
NPS_00000001 - NPS_00000470
PPS_00000001
RHPS_00000001 - RHPS_00000116
RPSKB_00000001 - RPSKB_00000028
RSD_00000001
TLPS_00000001
TPS_00000001 - TPS_00000005.001
UCPS_00000001 - UCPS_00000120
VPS_00000001 - VPS_00000135
WPS_00000001

**_Privilege log_**: Microsoft will provide a privilege log for responsive documents withheld on privilege or work product grounds.

We are available to meet and confer by phone should you have any further questions.

Regards,

Davis Wright Tremaine LLP

Ambika K. Doran

**EXHIBIT M**

| | |
|---|---|
| **From:** | Barrett Bowers <Barrett@wardglasslaw.com> |
| **Sent:** | Thursday, September 26, 2019 1:32 PM |
| **To:** | Doran, Ambika |
| **Cc:** | Li, Xiang; BNelon@HallEstill.com; Woody Glass; 'Bret.Burns@ymail.com'; Jonathan Irwin |
| **Subject:** | RE: Craig PC Sales & Service LLC et al. v. CDW Government LLC et al., No. 5:17-cv-00003 |

[EXTERNAL]

Counsel,

This is in response to your letter dated September 19. I first address Microsoft's discovery responses.

**Rog 1.** The identity of Microsoft legal personnel who provided information is relevant **because no one other than lawyers participated in preparing the interrogatory responses.** I think in this situation it is self-evident that their identity is relevant. I also don't have a verification page swearing that the information provided is true. Can you explain what good faith basis you have for withholding this information?

**Rog 5,6.** Thank you. Please provide me with an expected response date.

**Rogs 9-13.** This entire lawsuit centers around Microsoft's allegation that Craig PC was knowingly and intentionally using volume licenses inappropriately. Microsoft's knowledge that over 40% of its customers were using volume licenses in the same way contradicts its allegations against Craig PC. The publication may refer to customers, but the underlying study may be broader than that. Furthermore, even if it does just relate to customers, it is still relevant. There is no bright line between customers and vendors' understanding of licensing details. Some vendors are larger and more sophisticated than others, the same as with customers. The requested information fits comfortably within the very broad scope of relevance.

**Rog 14.** It is not unproductive to point out that certain information is obviously relevant. There are allegations in the FAC about Microsoft employees working in-house at CDWG. Microsoft's review of CDWG's actions is also relevant and certainly I expect CDWG will advance Microsoft's review of its sales to Craig PC as a defense in this action. CDWG asserted this defense in its motion to dismiss. With regard to delays, Plaintiffs have produced over 16,000 pages of documentation, while Microsoft has produced a fraction of that, with most of the documentation consisting of what has already been produced. There is a clear difference in the reason for the delay in response time.

**Rog 15, RFP 12.** Please provide a privilege log.

**Rogs 20, 24, 25.** Thank you. Please provide me with an expected response date.

**Rog 33.** I have no objection to treating the interrogatories in this manner.

**RFP 1.** Can you provide me with more details about what you consider to be "a reasonable search"?

With regard to the claim of privilege made by the Craigs regarding the communications between their attorneys, they did have a joint defense agreement. It was not reduced to writing.

With regard to "documents and information concerning alleged tortious interference," I do not agree with the statement that "Microsoft has almost no information concerning the relationships or expectancies" that Craig PC claims it disrupted. Craig PC has provided an identification of all customers and of all sales. Microsoft has sufficient information to evaluate the claim. To clarify Craig PC's position with regard to schools that stopped doing business prior to 2014,

1

Craig PC contends that it would have been able to earn that business again if not for the state court criminal prosecution. I do not believe that any further supplementation is required or necessary.

With regard to the other items you raised, I believe the discovery responses themselves or my prior clarifications provide the answers.

Barrett

---

**From:** Smith, Lesley <LesleySmith@dwt.com>
**Sent:** Thursday, September 19, 2019 7:12 PM
**To:** Barrett Bowers <Barrett@wardglasslaw.com>; Rhonda Stermer <rhonda@wardglasslaw.com>; Woody Glass <woody@wardglasslaw.com>; Geoffrey Tabor <geoffrey@wardglasslaw.com>
**Cc:** Doran, Ambika <AmbikaDoran@dwt.com>; Li, Xiang <XiangLi@dwt.com>; BNelon@HallEstill.com
**Subject:** Craig PC Sales & Service LLC et al. v. CDW Government LLC et al., No. 5:17-cv-00003

Attached is a letter from Ambika Doran with regard to the above-referenced matter – Thank you, Lesley Smith, Secretary to Ambika Doran

**Lesley Smith** | Davis Wright Tremaine LLP
Legal Secretary
920 Fifth Ave,, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8708 | Fax: (206) 757-7700
Email: lesleysmith@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**EXHIBIT N**

| From: | Jonathan Irwin <Jonathan@wardglasslaw.com> |
|---|---|
| Sent: | Tuesday, March 12, 2019 5:39 PM |
| To: | Doran, Ambika; asharp@lowis-gellen.com; bill.leach@mcafeetaft.com; bnelon@hallestill.com; MacNaughton, Bonnie; Kalinowski, Caesar; Wendell, Jamie; lkistler@hallestill.com; ron.shinn@mcafeetaft.com; tkoessl@lowis-gellen.com; Bugaighis, Zana |
| Cc: | Woody Glass; Barrett Bowers; Stephanie Hemesley; bret.burns@ymail.com; christiemassey@ymail.com |
| Subject: | Craig Document Production |

[EXTERNAL]

Counsel:

Please see Craig's initial document production in response to Microsoft's written discovery requests by following this link:

https://www.dropbox.com/sh/hnyslne5c5dg4ty/AACE12yxfOJdW5qpt4Iggmiea?dl=0

Several more documents are ready for production as soon as a protective order is in place.

Best,

Jonathan



Jonathan M. Irwin

Ward & Glass, LLP
1601 36th Avenue NW
Norman, OK 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902

**CONFIDENTIALITY NOTICE:** This E-mail (including attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If the reader of the message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone at (405) 701-3604, or by electronic mail to jonathan@wardglasslaw.com, and delete this message and all copies and backups thereof. Thank you.

**EXHIBIT O**

| | |
|---|---|
| **From:** | Jonathan Irwin <Jonathan@wardglasslaw.com> |
| **Sent:** | Wednesday, March 13, 2019 1:54 PM |
| **To:** | Doran, Ambika; asharp@lowis-gellen.com; bill.leach@mcafeetaft.com; bnelon@hallestill.com; MacNaughton, Bonnie; Kalinowski, Caesar; Wendell, Jamie; lkistler@hallestill.com; ron.shinn@mcafeetaft.com; tkoessl@lowis-gellen.com; Bugaighis, Zana |
| **Cc:** | Woody Glass; Barrett Bowers; Stephanie Hemesley; bret.burns@ymail.com; christiemassey@ymail.com |
| **Subject:** | RE: Craig Document Production |

[EXTERNAL]

Counsel:

As the protective order has now been entered, here are the rest of the documents:

https://www.dropbox.com/sh/l0f3r91wwb8y9ao/AADyplUP582sJFurSA4i3jjUa?dl=0

Best,

Jonathan



Jonathan M. Irwin

Ward & Glass, LLP
1601 36th Avenue NW
Norman, OK 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902

**CONFIDENTIALITY NOTICE:** This E-mail (including attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If the reader of the message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone at (405) 701-3604, or by electronic mail to jonathan@wardglasslaw.com, and delete this message and all copies and backups thereof. Thank you.

**From:** Jonathan Irwin
**Sent:** Tuesday, March 12, 2019 7:39 PM
**To:** ambikadoran@dwt.com; asharp@lowis-gellen.com; bill.leach@mcafeetaft.com; bnelon@hallestill.com; bonniemacnaughton@dwt.com; caesarkalinowski@dwt.com; jamiewendell@dwt.com; lkistler@hallestill.com; ron.shinn@mcafeetaft.com; tkoessl@lowis-gellen.com; zanabugaighis@dwt.com
**Cc:** Woody Glass (woody@wardglasslaw.com) <woody@wardglasslaw.com>; Barrett Bowers <Barrett@wardglasslaw.com>; Stephanie Hemesley <stephanie@wardglasslaw.com>; bret.burns@ymail.com; 'christiemassey@ymail.com' <christiemassey@ymail.com>
**Subject:** Craig Document Production

Counsel:

Please see Craig's initial document production in response to Microsoft's written discovery requests by following this link:

https://www.dropbox.com/sh/hnyslne5c5dg4ty/AACE12yxfOJdW5qpt4Iggmiea?dl=0

Several more documents are ready for production as soon as a protective order is in place.

Best,

Jonathan



Jonathan M. Irwin

Ward & Glass, LLP
1601 36th Avenue NW
Norman, OK 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902

**CONFIDENTIALITY NOTICE:** This E-mail (including attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If the reader of the message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone at (405) 701-3604, or by electronic mail to jonathan@wardglasslaw.com, and delete this message and all copies and backups thereof. Thank you.